The STATE of Ohio, Appellee,

v.

PALMER, Appellant.

[Cite as *State v. Palmer*, 148 Ohio App.3d 246, 2002-Ohio-3536.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–010583.

Decided July 12, 2002.

Michael K. Allen, Hamilton County Prosecuting Attorney, and James Michael Keeling, Assistant Prosecuting Attorney, for appellee.

Edward O. Keller, for appellant.

HILDEBRANDT, Judge.

{¶ 1}   Defendant-appellant Toby Palmer appeals from the judgment of the Hamilton County Court of Common Pleas convicting him, following a jury trial, of aggravated robbery in violation of R.C. 2911.01, robbery in violation of R.C. 2911.02, and one gun specification.   The trial court imposed a ten-year prison term for the aggravated robbery, a three-year prison term for the gun specification, and an eight-year prison term for robbery, and ordered these sentences to be served consecutively.   Palmer now brings forth three assignments of error. Finding none of the assignments to have merit, we affirm the judgment of the court below.

{¶ 2}   In his first assignment of error, Palmer urges that the lower court erred by failing to require co-defendant Darian Lattimore to testify pursuant to Palmer's subpoena.   We are unpersuaded.

{¶ 3}   The record discloses that Palmer called Lattimore as a defense witness. Lattimore and his nephew, Robert, had been indicted as co-defendants.   Palmer's

case was separated from the Lattimores' cases following Palmer's motion to sever. Although Lattimore and the state had entered into a plea agreement in which Lattimore had pleaded guilty to the same charges that Palmer faced, Lattimore had not yet been sentenced at the time he was subpoenaed to testify at Palmer's trial.

{¶ 4} At Palmer's trial, Lattimore, after consulting with his counsel, declined to testify, asserting his Fifth Amendment privilege. Palmer contends that since Lattimore had already tendered his plea of guilty, he should have been required to testify regardless of whether sentencing had occurred. We disagree. When a co-defendant has pleaded guilty, but has not yet been sentenced, he may properly assert his Fifth Amendment privilege, as the plea-bargaining process has not yet been completed.[1] Accordingly, the trial court's decision to allow Lattimore to invoke his Fifth Amendment privilege was proper.

{¶ 5} Palmer also asserts that the trial court abused its discretion by delaying the sentencing of Lattimore until after Palmer's trial, effectively preventing Lattimore from testifying. The state counters, and we agree, that the length of the delay between Lattimore's plea and sentence is not of record. When relevant portions of the record are not transmitted for our review, we must presume regularity in the proceedings below.[2] Accordingly, the first assignment of error is overruled.

{¶ 6} In his second assignment of error, Palmer maintains that the trial court erred by failing to declare a mistrial based upon prosecutorial misconduct. Palmer asserts that the assistant prosecutor engaged in misconduct when he asserted, during closing argument, that one of the state's witnesses had been scared to testify because of threats she had allegedly received from Palmer. We find this assignment of error unpersuasive.

{¶ 7} Although Palmer did not request a mistrial following the prosecutor's comments, he did object to the alleged misconduct and thus preserved this issue for appeal. Prosecutorial misconduct constitutes reversible error only when the conduct complained of has deprived the defendant of a fair trial.[3] Here, although the witness did express some reluctance to testify, we conclude that it was improper for the prosecutor to continue to argue that the witness's reluctance was based on a fear of Palmer after the trial court had sustained Palmer's

---

**1.** *State v. Griffin* (1992), 73 Ohio App.3d 546, 552, 597 N.E.2d 1178; *State v. Acevedo* (Aug. 3, 2000), 8th Dist. No. 76528, 2000 WL 1060523.

**2.** See App.R. 9(B); *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384.

**3.** *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394.

objections to those comments. Nevertheless, our review of the record convinces us that Palmer's substantial rights were not affected by the prosecutor's remarks.[4] The trial court sustained the objections and gave a curative instruction to the jury. Furthermore, based on the strength of the evidence against Palmer, we cannot say that the prosecutorial misconduct denied Palmer a fair trial. Accordingly, the second assignment of error is overruled.

{¶ 8} In his third and final assignment of error, Palmer contends that the trial court erred by imposing maximum, consecutive sentences. We are unpersuaded.

{¶ 9} Palmer first argues that his convictions involved allied offenses of similar import, and thus that his sentences for aggravated robbery and robbery should have merged pursuant to R.C. 2941.25. We disagree.

{¶ 10} In *State v. Rance*,[5] the Ohio Supreme Court held that two statutory offenses are allied offenses of similar import if the elements of each offense "correspond to such a degree that the commission of one crime will result in the commission of the other."[6] The *Rance* test requires a strict textual comparison of the statutory elements, without reference to the particular facts of the case, to determine whether one offense requires proof of an element that the other does not. If there are differing elements, the inquiry ends, and multiple convictions and sentences are allowed.

{¶ 11} Although Palmer acknowledges that this court, in *State v. Norman*[7] and *State v. Berry*,[8] applied the *Rance* test and determined that aggravated robbery and robbery are not allied offenses because each offense requires proof of an element that the other does not, he asks us to reconsider those decisions in light of *State v. Grant*.[9] In *Grant*, a panel of this court commented that the Ohio Supreme Court, in *State v. Fears*,[10] had appeared to have implicitly overruled *Rance*.

{¶ 12} This court has already addressed that concern, holding that, despite the comment in *Grant*, *Berry*, and *Norman* remain controlling because the Ohio

---

4. *State v. Lott* (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293.

5. (1999), 85 Ohio St.3d 632, 710 N.E.2d 699.

6. Id. at 638, 710 N.E.2d 699.

7. (1998), 137 Ohio App.3d 184, 738 N.E.2d 403.

8. (Apr. 14, 2000), 1st Dist. Nos. C–990354 and C–990365, 2000 WL 376409.

9. (Mar. 23, 2001), 1st Dist. No. C–971001.

10. (1999), 86 Ohio St.3d 329, 715 N.E.2d 136.

Supreme Court has not explicitly overruled *Rance* and has not specifically addressed whether aggravated robbery and robbery are allied offenses.[11] Furthermore, we note that the Ohio Supreme Court continues to use the *Rance* test without citation to *Fears*.[12]

{¶ 13} While we may not consider the *Rance* test to be the best approach for determining when charged offenses are allied offenses, because it fails to consider the individual facts of a case, as some courts have done when applying the *Blockburger* test,[13] we are bound, "as an intermediate appellate court, until the Ohio Supreme Court tells us otherwise, [to] apply the clearly defined test for cumulative punishments in *Rance*, no matter if we disapprove of the result reached."[14] Accordingly, as robbery and aggravated robbery are not allied offenses on the basis of *Rance*, the trial court properly imposed multiple sentences.[15]

{¶ 14} Palmer next argues that the trial court's imposition of consecutive sentences was disproportionate to the seriousness of his conduct and to the public danger posed by him. But the record does not support this contention. Palmer had an extensive criminal record, and, based on that history, we are convinced that Palmer's conduct warranted the sentences imposed.

{¶ 15} Last, Palmer contends that the trial court erred in imposing the maximum sentence for each offense because he did not commit the worst form of the offense. Regardless of whether Palmer committed the worst form of the offense, R.C. 2929.14(C) also permits a trial court to impose the maximum sentence on an offender who poses the greatest likelihood of committing future crimes. The trial court indicated on the felony-sentencing worksheet and at the sentencing hearing that Palmer had the greatest likelihood of committing future crimes because of his prior criminal record. Accordingly, the trial court did not err in imposing maximum, consecutive sentences. The third assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

---

11. *State v. McNeal* (Nov. 2, 2001), 1st Dist. No. C–000717, 2001 WL 1346186.

12. See *State v. Childs* (2000), 88 Ohio St.3d 558, 728 N.E.2d 379.

13. *Rance*, supra, at paragraph three of syllabus.

14. *Norman*, 137 Ohio App.3d at 203, 738 N.E.2d 403.

15. See *Norman*, supra; see *Berry*, supra.

GORMAN, J., concurs.

PAINTER, P.J., dissents.

PAINTER, Presiding Judge, dissenting.

{¶ 16} As I have noted before, Judge Harsha of the Fourth Appellate District, in a case comparing elements of another statute, has written that "[w]hile this result seems intuitively wrong, the Supreme Court's holding in *Rance* forces us to affirm the appellant's convictions * * *."[16]

{¶ 17} *Rance* is not just intuitively wrong, it is legally wrong. The Ohio Supreme Court has the law of double jeopardy in jeopardy of disappearing, in addition to the bollix it has made of the related problems of allied offenses and lesser-included offenses.[17] It seemed that the Supreme Court overruled *Rance*, albeit by implication, in *State v. Fears*.[18] We so held in *State v. Grant*,[19] which the Supreme Court declined to review.

{¶ 18} In *State v. McIntosh*,[20] I wrote, "While an argument can be made that because the syllabus in *Rance* was not overruled in *Fears*, *Rance* is still viable, I prefer to conclude that the Ohio Supreme Court recognized its error; though it would be much better if that court would do so specifically." Even though the court has cited *Rance* after deciding *Fears*, I believe that is not necessarily sufficient to undo *Fears*. In *Fears*, the court did not even cite *Rance*, though surely the court must have been aware of its own prior decisions.

{¶ 19} Therefore, I dissent and join Justice Lundberg Stratton[21] in urging the Supreme Court to revisit this area and correct its mistakes. The confusion created for the trial and appellate courts of this state should be resolved.

---

**16.** *State v. McIntosh* (2001), 145 Ohio App.3d 567, 582, 763 N.E.2d 704, quoting *State v. Shinn* (Jun. 14, 2000), 4th Dist. No. 99CA29, 2000 WL 781106.

**17.** *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294; *State v. Barnes* (2002), 94 Ohio St.3d 21, 759 N.E.2d 1240, especially Lundberg Stratton, J., dissenting.

**18.** (1999), 86 Ohio St.3d 329, 344, 715 N.E.2d 136.

**19.** (Mar. 23, 2001), 1st Dist. No. C–971001, appeal not allowed (2001), 92 Ohio St.3d 1443, 751 N.E.2d 482.

**20.** (2001), 145 Ohio App.3d 567, 763 N.E.2d 704.

**21.** *State v. Barnes* (2002), 94 Ohio St.3d 21, 759 N.E.2d 1240 (Lundberg Stratton, J., dissenting).