DECISION AND JUDGMENT ENTRY
{¶ 1} Stacey Cox appeals from her convictions on charges of involuntary manslaughter and aggravated arson. Cox argues the trial court erred in sentencing her to consecutive sentences because involuntary manslaughter and aggravated arson are allied offenses of similar import; thus, constitutional double jeopardy principles prevent cumulative punishments for two offenses arising out of a single occurrence. Since the statutory elements of involuntary manslaughter and aggravated arson do not correspond to such a degree that the commission of the first offense will result in the commission of the second offense, they are not allied offenses of similar import and the trial court could sentence her separately for each offense. Accordingly, we affirm Cox's convictions and sentences.
 {¶ 2} In January 2002, Stacey Cox and Bobby Chamblin fought. According to Cox, Chamblin attacked her with a knife, inflicting her with various wounds. However, Cox contends she was able to take the knife from Chamblin and, in self-defense, stab him several times, causing him to fall to the floor. Then, Cox kicked Chamblin in the head and covered him with a blanket. At this point, Chamblin was still alive. Finally, in order to cover her crime, Cox set the blanket on fire, killing Chamblin.
 {¶ 3} In June 2002, Cox waived her right to the filing of an indictment and consented to the filing of a bill of information, which charged her with involuntary manslaughter and aggravated arson. Later, Cox pled guilty to both charges. At the sentencing hearing, the trial court permitted both parties the opportunity to argue whether the offenses were allied offenses of similar import. The trial court found that involuntary manslaughter and aggravated arson were not allied offenses and sentenced Cox to maximum consecutive sentences of ten years each. Cox filed this appeal, assigning the following errors:
"FIRST ASSIGNMENT OF ERROR — The trial court violated Stacy [sic] Cox's right to due process when it convicted her for both aggravated arson and involuntary manslaughter, because the two offenses are allied offenses of similar import." [Citations omitted]. SECOND ASSIGNMENT OFERROR — The trial court violated Stacy [six] Cox's right against double jeopardy when it convicted her of two offenses that arose out of a single course of conduct." [Citations omitted].
 {¶ 4} In both assignments of error, Cox argues the trial court violated her state and federal constitutional rights by convicting and sentencing her for involuntary manslaughter and aggravated arson. Specifically, in her first assignment of error, Cox argues involuntary manslaughter and aggravated arson are allied offenses of similar import. In her second assignment of error, Cox contends the Double Jeopardy Clause prevents her from being convicted and sentenced for two offenses that arise from the same occurrence.
 {¶ 5} Ohio's multiple count statute, R.C. 2941.25, governs our analysis when determining whether two offenses are allied offenses of similar import. See State v. Rance, 85 Ohio St.3d 632, 636,1999-Ohio-291, 710 N.E.2d 699. Likewise, Ohio's multiple count statute governs our analysis when determining whether the trial court violated Cox's right against double jeopardy. Rance, 85 Ohio St.3d 632, paragraph three of the syllabus. Specifically, when it addressed the Double Jeopardy Clause, the Ohio Supreme Court stated: "In Ohio it is unnecessary to resort to the Blockburger test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C.2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct." Rance, 85 Ohio St.3d 632, paragraph three of the syllabus. Thus, under Rance, we will conduct a de novo review by applying R.C.2941.25 to both assignments of error. See, State v. Volgares (May 17, 1999), Lawrence App. No. 98CA6 (applying de novo review).
 {¶ 6} R.C. 2941.25 states: "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one. (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 7} In Rance, the Ohio Supreme Court established the analysis for determining whether the multiple-count statute prohibits separate punishment for two offenses. The first step is to determine whether the offenses are "allied offenses of similar import" within the meaning of R.C. 2941.25. Two offenses are "allied" if the elements of the crimes "`correspond to such a degree that the commission of one crime will result in the commission of the other.'" Rance, 85 Ohio St.3d at 636, quoting State v. Jones, 78 Ohio St.3d 12, 13, 1997-Ohio-38, 676 N.E.2d 80. If not, the court's inquiry ends. The crimes are considered offenses of dissimilar import and the defendant may be convicted, i.e., found guilty and punished, for both. R.C. 2941.25(B); Rance, 85 Ohio St.3d at 636. However, if the elements do correspond in the manner described, the court must proceed to a second step. At that point, the court will review the defendant's conduct to determine if the crimes were committed separately or with a separate animus for each crime; if so, under R.C. 2941.25(B), the trial court may convict the defendant of both offenses. Id.
 {¶ 8} When undertaking the first step of the analysis, Rance
expressly held that the court must compare the elements of the offenses in the abstract. Rance, 85 Ohio St.3d 632, paragraph one of the syllabus. Put simply, the court must look at the statutory elements of the involved crimes without considering the particular facts of the case. Id. at 636-38.
 {¶ 9} The state's bill of information charged Cox with involuntary manslaughter under R.C. 2903.04(A) and aggravated arson under R.C.2909.02(A)(1). R.C. 2903.04(A) provides in part that "[n]o person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony." R.C. 2909.02(A)(1) provides in part that "[n]o person, by means of fire or explosion, shall knowingly * * * [c]reate a substantial risk of serious physical harm to any person other than the offender."
 {¶ 10} These statutes are dissimilar in at least two distinct respects. First, aggravated arson requires only that a defendant create a "substantial risk" of physical harm, while involuntary manslaughter requires that the defendant "cause the death" of another. Thus, by definition, a defendant may commit aggravated arson even if no injury occurs, so long as she creates a "substantial risk" of physical harm. Second, an essential element of involuntary manslaughter is the commission of another felony; aggravated arson does not require this element.
 {¶ 11} Based on this abstract comparison of involuntary manslaughter and aggravated arson, the offenses do not "correspond to such a degree that the commission of one crime will result in the commission of the other." Rance, 85 Ohio St.3d at 638. For instance, a defendant may commit involuntary manslaughter while committing burglary rather than arson. See, also, State v. Bunnell (Aug. 27, 1993), Lucas App. No. L-92-355 (a pre-Rance decision that found involuntary manslaughter and aggravated arson are not allied offenses of similar import). Thus, they are crimes of dissimilar import. Id. Since involuntary manslaughter and aggravated arson are crimes of dissimilar import, our inquiry ends and we need not consider Cox's conduct under the second step of R.C. 2941.25's analysis.
 {¶ 12} Cox argues the Ohio Supreme Court improperly decided Rance
by adopting the dissent in Whalen v. United States (1980), 445 U.S. 684,100 S.Ct. 1432, 63 L.Ed.2d 715. In Rance, the Ohio Supreme Court explicitly overruled its earlier decision in City of Newark v. Vazirani
(1990), 48 Ohio St.3d 81, 549 N.E.2d 520. Rance, 85 Ohio St.3d 632, paragraph one of the syllabus. Instead of applying Rance, Cox argues that we apply the test enunciated by the Court in Vazirani, which she contends complies with the majority decision in Whalen. While we agree that the United States Supreme Court is the final arbiter of the United States Constitution, we cannot ignore our state Supreme Court's interpretation of the federal law. Trial courts and intermediate courts of appeals are bound by and must follow decisions of the Ohio Supreme Court.Consolidated Rail Corp. v. Forest Cartage Co. (1990), 68 Ohio App.3d 333,341, 588 N.E.2d 263, citing Thacker v. Bd. of Trustees of Ohio StateUniv. (1971), 31 Ohio App.2d 17, 285 N.E.2d 380, paragraph one of the syllabus, overruled in part on other grounds. See, also, State v.Stringer (Feb. 24, 1999), Scioto App. No. 97CA2506. Thus, we applyRance. Nevertheless, we are aware of the practical result of our conclusion: Cox stands convicted of both creating a substantial risk of physical harm and causing the death of Bobby Chamblin based on one occurrence. As we noted in State v. Shinn (June 14, 2000), Washington App. No. 99CA29, 99CA35, "this result seems intuitively wrong, [but] the Supreme Court's holding in Rance forces us to affirm" Cox's convictions for both involuntary manslaughter and aggravated arson. See, also, Statev. Palmer, 148 Ohio App.3d 246, 2002-Ohio-3536, 772 N.E.2d 726, ¶ 13 and 16. Thus, we overrule both of Cox's assignments of error.
JUDGMENT AFFIRMED.
Abele, J. Kline, J.: Concur in Judgment and Opinion.