DECISION
{¶ 1} Defendant-appellant, Maurice Walker, appeals the sentences imposed by the Hamilton County Court of Common Pleas in a prosecution for aggravated robbery and kidnapping, with firearm specifications, and for failure to comply with the order of a police officer. For the following reasons, we vacate the sentences in part and remand the cause for resentencing.
 {¶ 2} Walker entered guilty pleas to the offenses in 2002. He and two accomplices, Terence Thomas and Antoine Mauldin, had robbed a cash-checking store before the business had opened for the day. As Ruth Harvie, an elderly store employee, was opening the business, Thomas and Mauldin forced her into the store at gunpoint, grabbing the hair on the back of her head. Harvie opened the safe, and the men took approximately $25,000. During the encounter, Thomas forced Harvie to the floor and bound her hands and legs with tape. Mauldin held up Harvie's purse, pressed her face to the floor with his foot, and told her that she should not report the crime because the men knew where she lived. Both men repeatedly threatened to kill Harvie. Meanwhile, Walker was in the getaway car, maintaining radio contact with Thomas and Mauldin.
 {¶ 3} At the sentencing hearing, Harvie stated that she had been terrified by the offenses, that she had suffered lingering emotional trauma, and that she had been unable to return to work because of the resulting fear. Harvie's husband also stated that she had suffered emotional and physical trauma as a result of the offenses, and that she was "not the same woman" she had been.
 {¶ 4} The trial court sentenced Walker to ten years' incarceration for aggravated robbery and kidnapping, with the sentences to be served concurrently. The court also imposed three years' incarceration for the firearm specification and one year's incarceration for failure to comply with the order of a police officer. Those terms were made consecutive to the terms imposed for aggravated robbery and kidnapping.
 {¶ 5} In his first assignment of error, Mauldin now contends that the trial court erred in imposing fourteen years' incarceration. He first argues that the court erred in imposing more than the minimum terms of incarceration. To impose a greater sentence than the minimum on an offender who, like Walker, has not served a prior prison term, the trial court must find, at the sentencing hearing, that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime.[1]
 {¶ 6} In the case at bar, the trial court made the requisite findings on the record, but Walker contends that the record did not support the findings. We disagree. Based upon the brutal nature of the crimes and the fact that the victim was an elderly woman, we do not hesitate to hold that the minimum term would have demeaned the seriousness of the offender's conduct, and so we need not address Walker's argument with respect to the need to protect the public from future crimes.
 {¶ 7} Walker next argues that the trial court erred in imposing the maximum terms of incarceration for aggravated robbery and kidnapping. For a court to impose the maximum prison term, the court must find that the defendant committed a worst form of the offense, that he posed the greatest likelihood of recidivism, or that he was a major drug offender or a repeat violent offender.[2] The court must also state its reasons to justify the maximum sentence.[3]
 {¶ 8} In the case at bar, the trial court found, on the record, that Walker had committed the worst forms of the offenses and that he posed the greatest likelihood of recidivism. Walker argues, though, that the record did not support the trial court's findings.
 {¶ 9} We find no error in the trial court's conclusion that Walker committed the worst forms of the offenses. The assailants held an elderly woman at gunpoint, violently forced her into the business and repeatedly threatened to kill her. Moreover, one of the assailants held her head to the ground with his foot and warned her not to report the crimes. As a result of the offenses, Harvie suffered physical injuries and lasting emotional trauma.
 {¶ 10} Although Walker notes that there was no evidence that Harvie had sought medical or psychological treatment as a result of the ordeal, the trial court was presented with evidence that the harm was great. Also, as Harvie noted at the sentencing hearing, she had, from the beginning of the encounter, expressed a willingness to comply with the assailants' demands, thus making the physical and verbal brutality all the more repugnant. And while Walker notes that he was merely the getaway driver and in fact had attempted to calm the other assailants during the commission of the offenses, we hold that the trial court was correct in finding that he had participated in the worst forms of aggravated robbery and kidnapping.
 {¶ 11} Walker also argues that the record did not support the trial court's finding that he posed the greatest likelihood of recidivism. He notes that he had no prior record of criminal activity or delinquency and had expressed sincere remorse for his crimes. But even were we to accept Walker's argument concerning the likelihood of recidivism, we would be constrained to uphold the maximum sentences, as the trial court was required to find only one of the factors enumerated in R.C. 2929.14(C).
 {¶ 12} We also reject Walker's argument that the trial court failed to state its reasons for imposing maximum sentences. In finding that Walker had committed the worst forms of the offenses, the trial court noted the physical and emotional trauma that the assailants had inflicted and thereby provided a sufficient basis, under Edmonson, for appellate review of the sentences.[4]
 {¶ 13} Walker next argues that the trial court erred in making the sentence for failure to comply with the order of a police officer consecutive to the terms for aggravated robbery and kidnapping. To impose consecutive sentences under R.C. 2929.14(E)(4), the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court must also find one of the following: (1) when the offender committed the offenses, he was awaiting trial or sentencing or was under post-release control; (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[5] In addition, the court must state its reasons for imposing consecutive sentences.[6] Both the findings and the reasons for imposing consecutive sentences must be made at the sentencing hearing.[7]
 {¶ 14} In the case at bar, the trial court found only that the harm caused was so great or unusual that a single term would not adequately reflect the seriousness of Walker's conduct. The trial court did not make either the finding regarding the need to protect the public from future crime or to punish the offender, or the finding that consecutive sentences would not be disproportionate to the offender's conduct or the danger he posed to the public. Also, the trial court failed to state its reasons for imposing consecutive sentences. The trial court erred in imposing consecutive sentences in the absence of the required findings and reasons, and the first assignment of error is sustained as to the consecutive sentences only.
 {¶ 15} In his second assignment of error, Walker contends that the trial court erred in imposing what it termed "mandatory" sentences for aggravated robbery and kidnapping. The state responds that the terms of imprisonment were not mandatory but argues that the use of the term in the sentencing entry was surplusage. Although we agree with the state that the use of the term was not prejudicial, we order that, on remand, the term be omitted from the entry. The second assignment of error is accordingly sustained.
 {¶ 16} In his third and final assignment of error, Walker argues that the court erred in sentencing him for both aggravated robbery and kidnapping because they were allied offenses of similar import. In Statev. Grant,[8] this court held that aggravated robbery and kidnapping were allied offenses, even though a comparison of their elements would indicate that they were not allied under the holding of the Supreme Court of Ohio in State v. Rance.[9]
 {¶ 17} We based our holding in Grant upon the Ohio Supreme Court's decision in State v. Fears.[10] In Fears, which was decided afterRance, the court held that specifications to aggravated robbery and kidnapping charges merged because the offenses were not committed with a separate animus.[11] Although the court did not explicitly refer toRance, it apparently deviated from Rance's strict comparison-of-the-elements test in holding that the specifications merged because the two offenses were allied under R.C. 2941.25(B). We applied the same analysis to the underlying offenses in Grant and held that the state had to show a separate animus for aggravated robbery and kidnapping.[12]
 {¶ 18} In cases decided after Fears, though, the Supreme Court of Ohio has not again departed from the strict comparison-of-the-elements test required by Rance, and in State v. Palmer,[13] this court reaffirmed its adherence to the analytical framework set forth in Rance,
notwithstanding our holding in Grant.[14] In accordance with Palmer,
then, we address the assignment in the case at bar under the analysis ofRance.
 {¶ 19} The application of the Rance test to aggravated robbery and kidnapping reveals that they are not allied offenses. The aggravated-robbery statute, R.C. 2911.01(A)(1), provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." By contrast, the kidnapping statute, R.C. 2905.01(A)(2), provides that "[n]o person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o facilitate the commission of any felony or flight thereafter." Each offense has at least one element that the other does not, so, underRance, they are not allied offenses.[15] The third assignment of error is accordingly overruled.
 {¶ 20} For the foregoing reasons, the sentences imposed by the trial court are vacated, in part, and this cause is remanded to the trial court for resentencing consistent with this Decision and law.
Judgment accordingly.
Sundermann, P.J., and Doan, J., concur.
[1] R.C. 2929.14(B)(2); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473, paragraph two of the syllabus.
[2] R.C. 2929.14(C); State v. Wilson, 1st Dist. No. C-030040, 2003-Ohio-5091, at ¶ 13.
[3] R.C. 2929.19(B)(2)(d); State v. Edmonson, 86 Ohio St.3d 324,328-329, 1999-Ohio-110, 715 N.E.2d 131.
[4] See Edmonson, supra, at 329, 1999-Ohio-110, 715 N.E.2d 131.
[5] R.C. 2929.14(E)(4). See, also, State v. Chapman, 1st Dist. No. C-020115, 2002-Ohio-7336, at ¶ 3.
[6] R.C. 2929.19(B)(2)(c).
[7] Comer, supra, paragraph one of the syllabus.
[8] (Mar. 23, 2001), 1st Dist. No. C-971001.
[9] 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699.
[10] 86 Ohio St.3d 329, 1999-Ohio-111, 715 N.E.2d 136.
[11] Id. at 344, 1999-Ohio-111, 715 N.E.2d 151.
[12] See Grant, supra.
[13] 148 Ohio App.3d 246, 2002-Ohio-3536, 772 N.E.2d 726.
[14] See id. at ¶ 12.
[15] See State v. Robinson, 8th Dist. No. 80718, 2003-Ohio-156, at ¶ 40.