The STATE of Ohio, Appellee,

v.

PALMER, Appellant.

[Cite as *State v. Palmer*, 178 Ohio App.3d 192, 2008-Ohio-4604.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–010583.

Decided Sept. 12, 2008.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, Ohio Public Defender, and Theresa G. Haire, Assistant State Public Defender, for appellant.

---

HILDEBRANDT, Judge.

{¶ 1} Defendant-appellant, Toby Palmer, appeals from the judgment of the Hamilton County Court of Common Pleas convicting him, following a jury trial, of aggravated robbery in violation of R.C. 2911.01, robbery in violation of R.C. 2911.02, and one gun specification. The trial court imposed a ten-year prison term for the aggravated robbery, a three-year prison term for the gun specification, and an eight-year prison term for robbery and ordered these sentences to be served consecutively.

{¶ 2} Palmer now brings forth three assignments of error. Upon our determination that the trial court violated R.C. 2941.25 when it sentenced Palmer for both aggravated robbery and robbery, we affirm the findings of guilt, but vacate the sentences, including the sentence imposed for the gun specification.

## I. On Reconsideration

{¶ 3} Palmer was convicted in 2001. He appealed, and in 2002, we affirmed his convictions in all respects.[1] In response to Palmer's challenge in his third assignment of error to his consecutive sentences for aggravated robbery and robbery, we applied the Ohio Supreme Court's decision in *State v. Rance*[2] to hold (albeit reluctantly) that the trial court could have, consistent with R.C. 2941.25, sentenced Palmer for both aggravated robbery and robbery because the offenses were not allied offenses of similar import.[3] The Ohio Supreme Court declined to accept Palmer's appeal for review.[4]

{¶ 4} But in April 2008, the Supreme Court, in *State v. Cabrales*,[5] affirmed this court's holding that R.C. 2941.25 precluded sentencing a defendant for both

---

1. *State v. Palmer*, 148 Ohio App.3d 246, 2002-Ohio-3536, 772 N.E.2d 726.

2. (1999), 85 Ohio St.3d 632, 710 N.E.2d 699.

3. See *Palmer*, 148 Ohio App.3d 246, 2002-Ohio-3536, 772 N.E.2d 726, at ¶ 9–13.

4. *State v. Palmer*, 97 Ohio St.3d 1425, 2002-Ohio-5820, 777 N.E.2d 278.

5. 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181.

possession of a controlled substance under R.C. 2925.11(A) and trafficking in the same controlled substance under R.C. 2925.03(A)(2).[6]  In so doing, the Supreme Court did not overrule *Rance*.  Instead, citing with disapproval our 2002 decision in *Palmer*, the Supreme Court rejected as "overly narrow" the "view of numerous Ohio appellate districts * * * that *Rance* 'requires a strict textual comparison' of elements under R.C. 2941.25(A)." [7]

{¶ 5} In March 2008, a month before the Supreme Court decided *Cabrales*, we had decided *State v. Madaris*.[8]  In that decision, we had declared ourselves compelled by *Rance* and *Palmer* to hold (again, reluctantly) that the trial court could have, consistent with R.C. 2941.25, sentenced Madaris for both aggravated robbery and robbery.

{¶ 6} In May 2008, in the wake of *Cabrales*, we reconsidered our March 2008 decision in *Madaris*.  In our decision on reconsideration, we held that the trial court could not have, consistently with R.C. 2941.25, sentenced Madaris for both aggravated robbery and robbery because "the commission of aggravated robbery under R.C. 2911.01(A)(1) necessarily results in the commission of robbery under R.C. 2911.02(A)(2)," and thus the offenses are allied and of similar import.  Accordingly, we overruled our 2002 decision in *Palmer* to the extent that we had there held otherwise.[9]

{¶ 7} In July 2008, citing *Cabrales*, Palmer applied under App.R. 26 for reconsideration of our 2002 decision in his case.  The Supreme Court's decision in *Cabrales* and our subsequent decision in *Madaris* made apparent our error in overruling Palmer's third assignment of error, which challenged the imposition of consecutive prison terms for aggravated robbery and robbery.[10]  And those decisions provided the extraordinary circumstances that warranted enlarging the time for applying for reconsideration.[11]  Accordingly, we reconsider and substitute this decision for our 2002 decision.

---

**6.**  See id., paragraph two of the syllabus, affirming *State v. Cabrales*, 1st Dist. No. C–050682, 2007-Ohio-857, 2007 WL 624995.

**7.**  118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 21.

**8.**  1st Dist. No. C–070287, 2008-Ohio-1440.

**9.**  *State v. Madaris*, 1st Dist. No. C–070287, 2008-Ohio-2470, 2008 WL 2152691, ¶ 3.

**10.**  See App.R. 26(A);  *State v. Black* (1991), 78 Ohio App.3d 130, 132, 604 N.E.2d 171.

**11.**  See App.R. 14(B).

## II. The Assignments of Error

### A. Lattimore's Testimony

{¶ 8} In his first assignment of error, Palmer urges that the lower court erred by failing to require co-defendant Darian Lattimore to testify pursuant to Palmer's subpoena. We are unpersuaded.

{¶ 9} The record discloses that Palmer called Lattimore as a defense witness. Lattimore and his nephew, Robert, had been indicted as co-defendants. Palmer's case was separated from the Lattimores' cases following Palmer's motion to sever. Although Lattimore and the state had entered into a plea agreement in which Lattimore had pleaded guilty to the same charges that Palmer faced, Lattimore had not yet been sentenced at the time he was subpoenaed to testify at Palmer's trial.

{¶ 10} At Palmer's trial, Lattimore, after consulting with his counsel, declined to testify, asserting his Fifth Amendment privilege. Palmer contends that since Lattimore had already tendered his plea of guilty, he should have been required to testify, regardless of whether sentencing had occurred. We disagree. When a co-defendant has pleaded guilty but has not yet been sentenced, he may properly assert his Fifth Amendment privilege, because the plea-bargaining process has not yet been completed.[12] Accordingly, the trial court's decision to allow Lattimore to invoke his Fifth Amendment privilege was proper.

{¶ 11} Palmer also asserts that the trial court abused its discretion by delaying the sentencing of Lattimore until after Palmer's trial, effectively preventing Lattimore from testifying. But the length of the delay between Lattimore's plea and sentence is not of record. When relevant portions of the record are not transmitted for our review, we must presume regularity in the proceedings below.[13] Accordingly, the first assignment of error is overruled.

### B. Prosecutorial Misconduct

{¶ 12} In his second assignment of error, Palmer maintains that the trial court erred by failing to declare a mistrial based upon prosecutorial misconduct. Palmer asserts that the assistant prosecutor engaged in misconduct when he asserted, during closing argument, that one of the state's witnesses had been scared to testify because of threats she had allegedly received from Palmer. We find this assignment of error unpersuasive.

---

12. *State v. Griffin* (1992), 73 Ohio App.3d 546, 552, 597 N.E.2d 1178; *State v. Acevedo* (Aug. 3, 2000), 8th Dist. No. 76528, 2000 WL 1060523.

13. See App.R. 9(B); *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384.

{¶ 13} Although Palmer did not request a mistrial following the prosecutor's comments, he did object to the alleged misconduct and thus preserved this issue for appeal. Prosecutorial misconduct constitutes reversible error only when the conduct complained of has deprived the defendant of a fair trial.[14] Here, although the witness did express some reluctance to testify, we conclude that it was improper for the prosecutor to continue to argue that the witness's reluctance was based on a fear of Palmer after the trial court had sustained Palmer's objections to those comments. Nevertheless, our review of the record convinces us that Palmer's substantial rights were not affected by the prosecutor's remarks.[15] The trial court sustained the objections and gave a curative instruction to the jury. Furthermore, based on the strength of the evidence against Palmer, we cannot say that the prosecutorial misconduct denied Palmer a fair trial. Accordingly, the second assignment of error is overruled.

### C. Allied Offenses of Similar Import

{¶ 14} In his third and final assignment of error, Palmer contends that the trial court erred by imposing maximum, consecutive sentences for aggravated robbery and robbery. We agree in part.

{¶ 15} Under *Madaris*, aggravated robbery and robbery are allied offenses of similar import.[16] And the offenses in this case were not committed separately or with a separate animus as to each. Therefore, the trial court violated R.C. 2941.25 when it sentenced Palmer for both aggravated robbery and robbery. Accordingly, we sustain the third assignment of error to the extent of its challenge to Palmer's sentences under R.C. 2941.25, and we hold that the remaining challenges to his sentences are moot.

### III. Guilt Is Affirmed; the Sentences Are Vacated

{¶ 16} We affirm the findings of guilt but vacate the sentences and remand the case for resentencing for either aggravated robbery or robbery and, as appropriate, for the gun specification.

Sentences vacated
and cause remanded.

SUNDERMANN, P.J., concurs.

PAINTER, J., concurs separately.

---

14. *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394.

15. *State v. Lott* (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293.

16. See *Madaris*, 2008-Ohio-2470, 2008 WL 2152691, at ¶ 3.

PAINTER, Judge, concurring separately.

{¶ 17} Since I dissented in the original decision and urged the Supreme Court to rethink its position, obviously I concur in finally making this case right.