[Cite as *State v. Siefker*, 2011-Ohio-1867.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# PUTNAM COUNTY

STATE OF OHIO,                                    CASE NO. 12-10-14

   PLAINTIFF-APPELLEE,

 v.

JAMISON E. SIEFKER,                              J U D G M E N T
                                                   E N T R Y
   DEFENDANT-APPELLANT.

Appeal from Putnam County Common Pleas Court
Trial Court No. 2010 CR 12

Judgment Affirmed

Date of Decision:  April 18, 2011

APPEARANCES:

   *Nicole M. Winget* for Appellant

   *Todd C. Schroeder* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Jamison E. Siefker (hereinafter "Siefker"), appeals the Putnam County Court of Common Pleas' judgment entry of sentence. We affirm.

{¶2} On March 26, 2010, the Putnam County Grand Jury indicted Siefker on four counts, including: count one of receiving stolen property in violation of R.C. 2913.51(A), a fifth degree felony; count two of breaking and entering in violation of R.C. 2911.13(A), a fifth degree felony; count three of burglary in violation of R.C. 2911.12(A)(2), a second degree felony; and count four of breaking and entering in violation of R.C. 2911.13(A), a fifth degree felony. (Doc. No. 1).

{¶3} On April 8, 2010, Siefker was arraigned and entered pleas of not guilty to all four counts of the indictment. (Doc. No. 11).

{¶4} On June 7, 2010, Siefker filed a motion to suppress statements he made to law enforcement. (Doc. No. 17). On June 22, 2010, the trial court held a hearing on the motion, but Siefker withdrew the motion at the beginning of the hearing. (June 22, 2010 Tr. at 2).

{¶5} On July 15, 2010, Siefker withdrew his previously tendered pleas of not guilty and entered pleas of guilty to counts one and two of the indictment pursuant to a negotiated plea agreement. (Doc. No. 24); (July 15, 2010 Tr. at 2).

In exchange, the State dismissed counts three and four of the indictment and agreed to remain silent at sentencing. (Id.); (Id.). The trial court accepted Siefker's pleas of guilty, entered convictions based upon those pleas, and ordered that a pre-sentence investigation (PSI) report be completed. (July 15, 2010 Tr. at 9).

{¶6} On September 16, 2010, the trial court sentenced Siefker to twelve (12) months on count one and twelve (12) months on count two. (Sept. 16, 2010 Tr. at 7); (Sept. 23, 2010 JE, Doc. No. 28). The trial court ordered that the terms be served consecutively to each other for a total of twenty-four (24) months imprisonment. (Id.); (Id). The trial court also ordered that Siefker pay $500.00 in restitution. (Sept. 16, 2010 Tr. at 8); (Id.).

{¶7} On October 20, 2010, Siefker filed a notice of appeal. (Doc. No. 32). Siefker now appeals raising three assignments of error for our review. We elect to combine Siefker's first and second assignments of error for discussion.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT IMPOSED THE MAXIMUM SENTENCES FOR HIS OFFENSES IN VIOLATION OF THE PROVISIONS IN O.R.C. 2929.14(C).**

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED AS A MATTER OF LAW, AND IN PREJUDICE OF THE APPELLANT, WHEN IT FAILED**

**TO GIVE REASONS IN SUPPORT OF ITS FINDINGS WHEN
IT IMPOSED CONSECUTIVE SENTENCES.**

{¶8} In his first assignment of error, Siefker argues that the trial court erred in sentencing him to the maximum term on each offense because they were not the worst forms of the offenses. Specifically, Siefker argues that his offense of receiving stolen property was only a fifth degree felony offense, and the trial court made no finding that it was the worst form of the offense. With regard to his offense of breaking and entering, Siefker argues that he was only the getaway driver. Finally, Siefker argues that his record does not indicate that he is likely to re-offend; rather, his record indicates that he has a substance abuse problem.

{¶9} In his second assignment of error, Siefker argues that the trial court failed to make a finding pursuant to R.C. 2929.14(E)(4) that the harm caused by the multiple offenses was so great that a single term did not adequately reflect the seriousness of his conduct.

{¶10} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the

applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶19, citing R.C. 2953.08(G).[1]  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; *State v. Boshko* (2000), 139 Ohio App.3d 827, 835, 745 N.E.2d 1111.  An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶16, quoting *State v. Jones* (2001), 93 Ohio St.3d 391, 400, 754 N.E.2d 1252.

{¶11} In *State v. Foster*, the Supreme Court of Ohio severed portions of Ohio's felony sentencing law after finding them unconstitutional. 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  The Court in *Foster* held, in pertinent part, that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons

---

[1] We note that the Supreme Court of Ohio's recent plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, establishes a two-part test utilizing an abuse of discretion standard for appellate review of felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing review standard adopted by three dissenting Justices in *Kalish*, we note that the outcome of our decision in this case would be identical under the *Kalish* plurality's two-part test.

for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Further, the Court stated that "[o]ur remedy does not rewrite the statute, but leaves courts with full discretion to impose a prison term within the basic ranges of R .C. 2929.14(A) * * *." Id. at ¶102. Additionally, the Court held that "[c]ourts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range." Id. at ¶105.

{¶12} Trial courts are still required to comply with R.C. 2929.11, 2929.12, 2929.13, and the portions of R.C. 2929.14 not severed in *Foster*. Id. at ¶36. However, R.C. 2929.11 and 2929.12 do not mandate judicial fact-finding; rather, in exercising its discretion, a trial court is merely required to "consider" the purposes of sentencing in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12. Id. at ¶¶36-42. See, also, *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶38; *State v. Roehl*, 3d Dist. No. 4-07-10, 2008-Ohio-85, ¶10; *State v. Estep*, 3d Dist. No. 9-07-16, 2007-Ohio-6713, ¶12.

{¶13} Siefker's arguments lack merit. Siefker was sentenced to twelve (12) months imprisonment on each of two fifth degree felonies. (Sept. 23, 2010 JE, Doc. No. 28). R.C. 2929.14(A)(5) provides that "[f]or a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." Siefker's sentence on each fifth degree felony was within the statutory range, and

therefore, not contrary to law. Notwithstanding Siefker's arguments, the trial court was not required to make findings under R.C. 2929.14(C) or 2929.14(E)(4) before sentencing him to maximum and consecutive sentences. *Foster*, 2006-Ohio-856, at ¶¶2, 4, & 7 of the syllabus.

{¶14} A review of the record indicates that the trial court considered R.C. 2929.11 and R.C. 2929.12 in rendering its sentence, though the trial court did not explicitly state so in its judgment entry. Instead, the trial court stated that it considered "the record, oral statements, any victim impact statements, and the presentence investigation report, *as well as the principles and purposes of sentencing under Ohio Revised Code Sections [sic] 2929.19*" (Sept, 23, 2010 JE, Doc. No. 28) (emphasis added). R.C. 2929.19(B)(1) provides that a trial court shall consider the record, oral statements, any victim statements, and the presentence investigation report; however, R.C. 2929.*11* provides for the principles and purposes of sentencing.

{¶15} Nevertheless, the record clearly reflects that the trial court considered R.C. 2929.11 and 2929.12 in rendering its sentence. At the sentencing hearing, the trial court noted that Siefker's criminal offenses were tied to his drug and alcohol abuse. (Sept. 16, 2010 Tr. at 5). The trial court also noted that the co-defendant implicated Siefker in a total of seventeen (17) burglaries, breaking and enterings, and thefts, even though he was only convicted of two (2) offenses. (Id.

at 5, 7). The trial court also noted Siefker's extensive juvenile and adult criminal history. (Id. at 5-7). The PSI indicated that Siefker was found delinquent as a juvenile for underage consumption, criminal mischief, theft, possession of alcohol, and two probation violations. As an adult, Siefker was convicted of: sales to and use by underage persons and an open container, two OVIs, lanes violation, two seat belt violations, failure to yield the right of way at a stop sign, failure to appear, and driving under suspension. (PSI). Siefker was also previously charged with possession of cocaine but received intervention in lieu of his conviction. (Id.). All of these considerations were relevant to whether or not Siefker was likely to reoffend. R.C. 2929.12(D). Therefore, we cannot find that the trial court failed to consider R.C. 2929.12 and 2929.11 as required.

{¶16} Siefker's argument that his receiving stolen property offense is not the worst form of the offense since it was merely a fifth degree felony is also meritless. Accepting Siefker's argument would lead to the absurd result that trial courts would always have to sentence all defendants who commit fifth degree receiving stolen property offenses to the shortest term of six (6) months, rendering R.C. 2929.14(A)(5)'s sentencing range meaningless. We also are not persuaded that Siefker's breaking and entering offense was not the worst form of the offense because he was merely the getaway driver. An accomplice "shall be * * * punished as if he were a principle offender," and, aside from that, the trial court is

permitted to examine the actions of the principal offender(s) to determine whether or not the accomplice's offense is the worst form of the offense. R.C. 2923.03(F); *State v. Walker*, 6th Dist. No. C-030159, 2003-Ohio-7106, ¶¶9-10. Finally, by focusing on whether or not his offense was the "worst form of the offense," Siefker ignores the fact that R.C. 2929.14(C) allows the trial court to impose a maximum sentence if it finds that offender poses "the greatest likelihood of committing future crimes." The trial court here was very concerned about Siefker committing future crimes and protecting the public. (Sept. 16, 2010 Tr. at 7).

{¶17} Finally, we must reject Siefker's argument that the trial court erred by failing to make R.C. 2929.14(E)(4) findings. As we already mentioned, trial courts are not required to make findings prior to imposing consecutive sentences. *Foster*, 2006-Ohio-856, at ¶¶2, 4, & 7 of the syllabus. Although not required, the trial court here specifically found that "the harm is so great that a single prison term will not adequately protect the public from future crimes, and the consecutive sentences are needed to protect the public from future crime." (Sept. 16, 2010 Tr. at 7). The trial court also found that "the harm is so great that a single term does not adequately reflect the seriousness of the conduct, and that consecutive sentences are needed to protect the public." (Id.).

{¶18} Siefker's first and second assignments of error are, therefore, overruled.

-9-

## ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONSIDERED STATEMENTS MADE BY A CO-DEFENDANT, IN AN ENTIRELY SEPARATE PROCEEDING AND NOT UNDER OATH, IN REGARDS TO SENTENCING.**

{¶19} In his third assignment of error, Siefker argues that the trial court violated R.C. 2929.19(B)(1) by relying upon statements made by the co-defendant. Specifically, Siefker argues that R.C. 2929.19(B)(1) limits the trial court's consideration at sentencing to those items enumerated in the statute, and the statements of a co-defendant is not listed in the statute.

{¶20} Siefker's argument lacks merit. At sentencing, the trial court stated:

> **Well, let me begin with the statements that were made by Mr. Meeker. He stated, among other things, that you told him you used to be hooked on cocaine and would break into barns and garages and steal things that you could sell. He reported that you and he started breaking in to barns and garages, that you were either drunk or high on cocaine when the offenses were committed. And he relates, according to his statements, that you and he were involved in a total of 17 separate burglaries, B & E's or thefts.**

(Sept. 16, 2010 Tr. at 5). This information appears in the PSI prepared for the sentencing in this case. As Siefker acknowledges, R.C. 2929.19(B)(1) permits the trial court to rely upon the contents of the PSI for purposes of sentencing. Furthermore, hearsay statements, including mere allegations of crimes for which the defendant was never prosecuted, are permitted during sentencing since the rules of evidence are not applicable. *State v. Bowser*, 186 Ohio App.3d 162, 2010-

Ohio-951, 926 N.E.2d 714, ¶15, citing *State v. Cooey* (1989), 46 Ohio St.3d 20, 35, 544 N.E.2d 895. See, also, Evid.R. 101(c)(3).  Therefore, the trial court did not err in relying upon this information for purposes of determining the appropriate sentence in this case.

{¶21} Siefker's third assignment of error is, therefore, overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, J., concurs.**

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jnc**