THE STATE OF OHIO, APPELLANT, *v.* CABRALES, APPELLEE.

THE STATE OF OHIO, APPELLEE, *v.* CABRALES, APPELLANT.

[Cite as *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625.]

(Nos. 2007–0595 and 2007–0651—Submitted January 8, 2008—Decided April 9, 2008.)

LUNDBERG STRATTON, J.

## I.   Introduction

{¶ 1} The issue before the court is whether possession of a controlled substance under R.C. 2925.11(A), trafficking in a controlled substance under R.C.

2925.03(A)(1), and trafficking in a controlled substance under R.C. 2925.03(A)(2) are allied offenses of similar import under R.C. 2941.25 and therefore must merge. We hold that possession and trafficking under R.C. 2925.03(A)(2) are allied offenses of similar import under R.C. 2941.25(A) where both offenses involve the same substance, and in this case both offenses were committed with the same animus under R.C. 2941.25(B), and therefore, the offenses must merge. However, we hold that the remaining offenses are not allied offenses of similar import and therefore do not merge. Accordingly, we affirm the judgment of the court of appeals.

## II. Facts

{¶ 2} Defendant, Fernando Cabrales, a California resident, hired James Longenecker and Sean Matthews to transport marijuana from California to Cincinnati, Ohio, for the purpose of selling it. Once the two entered Ohio, a Hamilton County deputy sheriff stopped Matthews and Longenecker because of Matthews's erratic driving. During the traffic stop, the deputy discovered the marijuana in their vehicle and arrested both men. Longenecker and Matthews implicated Cabrales, whom the state charged with possession of marijuana under R.C. 2925.11(A), trafficking in marijuana under R.C. 2925.03(A)(1), trafficking in marijuana under R.C. 2925.03(A)(2), and conspiracy. A jury convicted Cabrales on all four counts, and he was sentenced accordingly.

{¶ 3} On appeal, Cabrales argued that possession and the two counts of trafficking in marijuana were all allied offenses of similar import committed with the same animus, and therefore these offenses merged.

{¶ 4} The court of appeals held that possession of a controlled substance under R.C. 2925.11(A) ("knowingly obtain, possess, or use a controlled substance") and trafficking in a controlled substance under R.C. 2925.03(A)(1) ("knowingly * * * [s]ell or offer to sell a controlled substance") are not allied offenses of similar import, because a person can possess a controlled substance without selling or offering to sell it and, conversely, a person can sell or offer to sell a controlled substance without possessing it by selling it through a middleman. *State v. Cabrales*, Hamilton App. No. C–050682, 2007-Ohio-857, 2007 WL 624995, ¶ 35.

{¶ 5} The court also held that trafficking in a controlled substance under R.C. 2925.03(A)(1) ("[s]ell or offer to sell a controlled substance") and trafficking in a controlled substance under R.C. 2925.03(A)(2) ("knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance") are not allied offenses of similar import, because "Cabrales needed a separate animus to commit each crime." Id. at ¶ 38.

{¶ 6} However, the court of appeals held that possession of a controlled substance under R.C. 2925.11(A) and trafficking in a controlled substance under

R.C. 2925.03(A)(2) are allied offenses of similar import, reasoning that "[f]or a person to prepare for shipment or transport drugs, that person would necessarily have to possess the drugs. The statutory elements of these crimes correspond to such a degree that the commission of one crime will result in the commission of the other." Id. at ¶ 36. Thus, the trial court could not sentence Cabrales for both offenses.

{¶ 7} The court of appeals certified that its holding conflicted with holdings from other appellate districts. We determined that a conflict existed with regard to the following question: "Are the offenses of trafficking in a controlled substance in violation of R.C. 2925.03(A)(2) and possession of a controlled substance in violation of R.C. 2925.11(A) allied offenses of similar import when the same controlled substance is involved in both offenses?" *State v. Cabrales*, 114 Ohio St.3d 1408, 2007-Ohio-2632, 867 N.E.2d 842. We also accepted proposition IV of Cabrales's appeal, in which he asserts that possession and the two counts of trafficking are all allied offenses of similar import. We sua sponte consolidated the two appeals. Together then, these two cases present the issue of whether possession under R.C. 2925.11(A), trafficking under R.C. 2925.03(A)(1), and trafficking under R.C. 2925.03(A)(2) are allied offenses of similar import.

{¶ 8} The state argues that the court of appeals' holding that possession under R.C. 2925.11(A) and trafficking under R.C. 2925.03(A)(2) are allied offenses ignored the abstract elements-comparison test set forth by this court in *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699. The state asks the court to reverse the court of appeals, reaffirm that *Rance* requires courts to compare elements of offenses in the abstract, and hold that possession and trafficking are not allied offenses of similar import, because their elements do not exactly coincide.

{¶ 9} Cabrales argues that *Rance*'s abstract elements-comparison test has created confusion among the appellate courts and produced illogical results. He argues that a less "formulaic comparison" of offenses under R.C. 2941.25(A) will produce a more logical result in determining whether offenses are allied or not.

{¶ 10} Although we affirm the judgment of the court of appeals and answer the certified question in the affirmative, we find it necessary to clarify *Rance*'s test under R.C. 2941.25(A) in doing so.

### III. Analysis

#### A. Ohio's Multiple–Count Statute

{¶ 11} We begin our analysis by examining Ohio's multiple-count statute, R.C. 2941.25, which provides:

{¶ 12} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 13} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 14} This court has recognized that R.C. 2941.25 requires a two-step analysis. See *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, syllabus; *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816; *State v. Mughni* (1987), 33 Ohio St.3d 65, 67, 514 N.E.2d 870; *State v. Talley* (1985), 18 Ohio St.3d 152, 153, 18 OBR 210, 480 N.E.2d 439; *State v. Logan* (1979), 60 Ohio St.2d 126, 128, 14 O.O.3d 373, 397 N.E.2d 1345. "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." (Emphasis sic.) *State v. Blankenship*, 38 Ohio St.3d at 117, 526 N.E.2d 816.

{¶ 15} In *Rance*, the court determined that "[a] problem inherent in the application of the test for similar/dissimilar import is whether the court should contrast the statutory elements in the abstract or consider the particular facts of the case. We think it useful to settle this issue for Ohio courts, and we believe that comparison of the statutory elements in the abstract is the more functional test, producing 'clear legal lines capable of application in particular cases.'" Id., 85 Ohio St.3d at 636, 710 N.E.2d 699, quoting *Kumho Tire Co., Ltd. v. Carmichael* (1999), 526 U.S. 137, 148, 119 S.Ct. 1167, 143 L.Ed.2d 238.

B. *Rance* Has Caused Confusion and Unreasonable Results

{¶ 16} Courts have struggled applying *Rance*'s abstract elements-comparison test. For example, the Second District Court of Appeals considered whether involuntary manslaughter and aggravated vehicular homicide are allied offenses of similar import when there is only one victim. *State v. Hendrickson*, Montgomery App. No. 19045, 2003-Ohio-611, 2003 WL 264339. Finding that it was compelled to apply *Rance*, the court compared the elements of the two offenses, and because the elements did not correspond to such a degree that commission of

one crime will result in the commission of the other, they were not allied offenses. Id. at ¶ 25–26. Thus, the court held that Hendrickson could be sentenced for both involuntary manslaughter and aggravated vehicular homicide. Id. at ¶ 28. However, the court stated, "Despite the misalignment of offenses in the abstract, only one death occurred under the facts of the present case. Consequently, Hendrickson should have been sentenced either for involuntary manslaughter or for aggravated vehicular homicide, not both." Id. at ¶ 26; see also *State v. Waldron* (Sept. 1, 2000), Ashtabula App. No. 99–A–0031, 2000 WL 1257520, *5 (Christley, J., concurring) (by holding that involuntary manslaughter and aggravated vehicular homicide are not allied offenses of similar import when there was only one victim, "we have not only said that appellant was guilty of killing two people, we are saying that he was guilty of killing each victim two times").

{¶ 17} The First District Court of Appeals, interpreting *Rance* to require a "strict textual comparison" of the elements under R.C. 2941.25(A), held that aggravated robbery and robbery were not allied offenses of similar import. *State v. Palmer*, 148 Ohio App.3d 246, 2002-Ohio-3536, 772 N.E.2d 726, ¶ 8–10. The court stated, "While we may not consider the *Rance* test to be the best approach for determining when charged offenses are allied offenses, because it fails to consider the individual facts of a case, as some courts have done when applying the *Blockburger* [1] test, we are bound, 'as an intermediate appellate court, until the Ohio Supreme Court tells us otherwise.'" Id. at ¶ 13, quoting *State v. Norman* (1999), 137 Ohio App.3d 184, 203, 738 N.E.2d 403.

{¶ 18} The Tenth District Court of Appeals considered whether kidnapping and aggravated robbery were allied offenses in *State v. Savage*, Franklin App. No. 02AP–202, 2002-Ohio-6837, 2002 WL 31771245. In deciding the issue, the court eschewed *Rance*'s abstract analysis. Instead, the court held that aggravated robbery and kidnapping were allied pursuant to our decision in *State v. Fears* (1999), 86 Ohio St.3d 329, 344, 715 N.E.2d 136, in which we recognized that unless there is a separate animus, commission of robbery necessarily results in commission of a kidnapping (i.e., commission of one offense results in the commission of the other), and therefore they are allied offenses of similar import under R.C. 2941.25(A).

{¶ 19} The Fourth District Court of Appeals considered whether involuntary manslaughter and aggravated arson were allied offenses of similar import in *State v. Cox*, Adams App. No. 02CA751, 2003-Ohio-1935, 2003 WL 1889479. The court applied *Rance* and held that involuntary manslaughter and aggravated arson were not allied offenses of similar import, because "[t]hese statutes are dissimilar in at least two distinct respects." Id. at ¶ 10. But the court went on to

---

1. *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

state, "Nevertheless, we are aware of the practical result of our conclusion: Cox stands convicted of both creating a substantial risk of physical harm and causing the death of Bobby Chamblin based on one occurrence. As we noted in *State v. Shinn* (June 14, 2000), Washington App. Nos. 99CA29, 99CA35, [2000 WL 781106,] 'this result seems intuitively wrong, [but] the Supreme Court's holding in *Rance* forces us to affirm.' " Id. at ¶ 12.

{¶ 20} Despite trying to define a test "capable of application in particular cases," *Rance* has produced inconsistent, unreasonable, and, at times, absurd results. Courts must avoid statutory interpretations that create absurd or unreasonable results. *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658. When possible, courts should also avoid interpretations that create confusion or uncertainty. See *Crawford Cty. Bd. of Commrs. v. Gibson* (1924), 110 Ohio St. 290, 298–299, 144 N.E. 117.

### C. *Rance* Has Been Misinterpreted

{¶ 21} Consistent with the view of numerous Ohio appellate districts, the state argues that *Rance* "requires a strict textual comparison" of elements under R.C. 2941.25(A). See, e.g., *State v. Palmer* (2002), 148 Ohio App.3d 246, 772 N.E.2d 726, ¶ 8–10 (in determining whether two or more offenses are allied offenses of similar import under R.C. 2941.25(A), *Rance* requires a "strict textual comparison" of the offenses and only where the offenses exactly overlap are they allied offenses of similar import). We disagree.

{¶ 22} *Rance* affirmed that the test under R.C. 2941.25(A) is "[i]f the elements of the crimes ' "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." ' " *Rance*, 85 Ohio St.3d at 636, 710 N.E.2d 699, quoting *Blankenship*, 38 Ohio St.3d at 117, 526 N.E.2d 816, quoting *State v. Jones* (1997), 78 Ohio St.3d 12, 13–14, 676 N.E.2d 80. *Rance* then required that the elements be compared in the abstract, i.e., without consideration of the evidence in a particular case. Id. However, nowhere does *Rance* mandate that the elements of compared offenses must exactly align for the offenses to be allied offenses of similar import under R.C. 2941.25(A). To interpret *Rance* as requiring a strict textual comparison would mean that only where *all* the elements of the compared offenses coincide *exactly* will the offenses be considered allied offenses of similar import under R.C. 2941.25(A). Other than identical offenses, we cannot envision any two offenses whose elements align *exactly*.[2] We find this to be an overly narrow interpretation of *Rance*'s comparison test.

---

2. Such an interpretation is incongruous because the state is already prohibited from punishing a defendant for identical, duplicate offenses pursuant to the Double Jeopardy Clause. See *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, ¶ 16 ("The Fifth Amendment to the

{¶ 23} R.C. 2941.25 essentially codified the judicial merger doctrine.[3] " "The basic thrust of [R.C. 2941.25(A)] is to prevent "shotgun" convictions. For example, a thief theoretically is guilty not only of theft but of receiving stolen goods, insofar as he receives, retains, or disposes of the property he steals. Under this section, he may be charged with both offenses but he may be convicted of only one, and the prosecution sooner or later must elect as to which offense it wishes to pursue.' " *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 242, 74 O.O.2d 380, 344 N.E.2d 133, quoting a 1973 Legislative Service Commission comment to 1972 Am.Sub.H.B. No. 511. If *Rance* imposed a strict textual comparison, even theft and receiving stolen property would *not* be allied offenses of similar import, because their elements do not exactly coincide.

{¶ 24} Were we to apply *Rance* as requiring a strict textual comparison as urged by the state, we would be compelled to reverse the appellate court's holding that possession and trafficking under R.C. 2925.03(A)(2) of the same controlled substance are allied offenses of similar import, because the elements of these offenses do not coincide exactly, even though common sense and logic tell us that in order to prepare a controlled substance for shipping, ship it, transport it, deliver it, prepare it for distribution, or distribute it, one must necessarily also possess it. See R.C. 2925.01(K) (" 'Possess' or 'possession' means having control over a thing or substance").

{¶ 25} Even after *Rance,* this court has recognized that certain offenses are allied offenses of similar import even though their elements do not align exactly. See *State v. Yarbrough,* 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 99, 101 (citing *Rance,* and holding that theft and receiving stolen property are allied offenses); *State v. Adams,* 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 89–95 (kidnapping and rape are allied offenses); *State v. Fears,* 86 Ohio St.3d at 344, 715 N.E.2d 136 (aggravated robbery and kidnapping are allied offenses). In these cases, we did not overrule or modify *Rance,* but we did not apply a strict textual comparison in determining whether the offenses were allied under R.C. 2941.25(A). For example, the elements of theft and the elements of receiving stolen property differ, and therefore under a strict textual comparison test they could not be allied offenses of similar import under R.C. 2941.25(A). However, comparing these two offenses in *Yarbrough,* we found that they were allied,

---

United States Constitution provides that '[n]o person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb.' Similarly, Section 10, Article I of the Ohio Constitution provides, 'No person shall be twice put in jeopardy for the same offense' ").

3. Merger is "the penal philosophy that a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime." *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 243–244, 74 O.O.2d 380, 344 N.E.2d 133.

stating that "when the elements of each crime are aligned, the offenses ' "correspond to such a degree that the commission of one crime" ' resulted ' "in the commission of the other," ' " the offenses are allied. Id. at ¶ 101, quoting *Rance*, 85 Ohio St.3d at 638, 710 N.E.2d 699, quoting *State v. Jones*, 78 Ohio St.3d at 14, 676 N.E.2d 80.

{¶ 26} Thus, we have already implicitly recognized that *Rance* does not require a strict textual comparison under R.C. 2941.25(A). Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import.

{¶ 27} It is clear that interpreting *Rance* to require a strict textual comparison under R.C. 2941.25(A) conflicts with legislative intent and causes inconsistent and absurd results. Accordingly, we clarify that in determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), *Rance* requires courts to compare the elements of offenses in the abstract, i.e., without considering the evidence in the case, but does not require an exact alignment of elements.

## IV. Applying *Rance* in This Case

{¶ 28} We must now apply our holding and determine whether Cabrales's convictions for possession of and trafficking in marijuana must merge as allied offenses of similar import committed with the same animus under R.C. 2941.25.

### A. Possession and Trafficking (R.C. 2925.03(A)(1))

{¶ 29} We begin by comparing the elements of possessing a controlled substance under R.C. 2925.11(A) and trafficking in a controlled substance under R.C. 2925.03(A)(1). To be guilty of possession under R.C. 2925.11(A), the offender must "knowingly obtain, possess, or use a controlled substance." To be guilty of trafficking under R.C. 2925.03(A)(1), the offender must knowingly sell or offer to sell a controlled substance. Trafficking under R.C. 2925.03(A)(1) requires an intent to sell, but the offender need not possess the controlled substance in order to offer to sell it. Conversely, possession requires no intent to sell. Therefore, possession under R.C. 2925.11(A) and trafficking under R.C. 2925.03(A)(1) are not allied offenses of similar import, because commission of one offense does not necessarily result in the commission of the other.

### B. Possession and Trafficking (R.C. 2925.03(A)(2))

{¶ 30} We now compare the elements of possessing a controlled substance under R.C. 2925.11(A) and trafficking in a controlled substance under R.C. 2925.03(A)(2). To be guilty of possession under R.C. 2925.11(A), the offender must "knowingly obtain, possess, or use a controlled substance." To be guilty of trafficking under R.C. 2925.03(A)(2), the offender must knowingly prepare for

shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, knowing, or having reason to know, that the substance is intended for sale. In order to ship a controlled substance, deliver it, distribute it, or prepare it for shipping, etc., the offender must "hav[e] control over" it. R.C. 2925.01(K) (defining "possession"). Thus, trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import because commission of the first offense *necessarily* results in commission of the second.

{¶ 31} Next we proceed to the second step of the analysis, in which we must determine whether Cabrales committed these offenses with a separate animus under R.C. 2941.25(B). Clearly, Cabrales trafficked in and possessed the marijuana with a single animus: to sell it. Therefore, he cannot be convicted of both offenses.

C.  Trafficking (R.C. 2925.03(A)(1)) and Trafficking (R.C. 2925.03(A)(2))

{¶ 32} Finally, we compare the elements of trafficking under R.C. 2925.03(A)(1) and trafficking under R.C. 2925.03(A)(2). To be guilty of trafficking under R.C. 2925.03(A)(1), the offender must sell or offer to sell a controlled substance. This subsection requires that the *offender intends to sell* the controlled substance. To be guilty of trafficking under R.C. 2925.03(A)(2), the offender must knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, knowing, or having reason to know, that the substance is intended for sale by the offender *or* another person. This subsection merely requires that the offender must *know* that the substance is *intended for sale*, but the sale can be made by a person other than the offender. Thus, an offender could commit trafficking under R.C. 2925.03(A)(2) and not necessarily commit trafficking under R.C. 2925.03(A)(1), because the offender merely *knows* that the controlled substance is intended for sale, as opposed to actually offering it for sale or selling it personally. Conversely, one could sell or offer to sell a controlled substance without ever undertaking many of the actions that constitute trafficking under R.C. 2925.03(A)(2), i.e., preparing for shipping or shipping the controlled substance. Therefore, committing trafficking under one of these provisions will not *necessarily* result in committing trafficking under the other provision.

{¶ 33} Thus, trafficking in a controlled substance under R.C. 2925.03(A)(1) and trafficking in a controlled substance under R.C. 2925.03(A)(2) are not allied offenses of similar import. Therefore, Cabrales can be convicted of both offenses.

{¶ 34} Accordingly, we answer the certified question in the affirmative and affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

FAIN, J., concurs in judgment.

MIKE FAIN, J., of the Second Appellate District, sitting for LANZINGER, J.

---

**FAIN, J., concurring in judgment.**

{¶ 35} I join in affirming the judgment of the court of appeals.

{¶ 36} I have always understood the holding in *State v. Rance* (1999), 85 Ohio St.3d 632, 636, 710 N.E.2d 699, to be: "If the elements of the crimes ' "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." ' " Id., quoting *State v. Jones* (1997), 78 Ohio St.3d 12, 13, 676 N.E.2d 80, quoting *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816. I have never understood the test to require an exact alignment of elements. *State v. Palmer*, 148 Ohio App.3d 246, 2002-Ohio-3536, 772 N.E.2d 726, is cited for this proposition, but I have not found support for this proposition in that opinion. To the contrary, that opinion contains the following explication of the *Rance* test:

{¶ 37} "The *Rance* test requires a strict textual comparison of the statutory elements, without reference to the particular facts of the case, to determine whether one offense requires proof of an element that the other does not. If there are differing elements, the inquiry ends, and multiple convictions and sentences are allowed." *Palmer* at ¶ 10.

{¶ 38} The only quibble I have with the above-quoted formulation is that it should have said: "whether *each* offense requires proof of an element that the other does not." I assume that this is what was intended, since it is consistent with the actual result in that case. In fact, the opinion goes on to note that the defendant in that case acknowledged that the court of appeals had previously determined that aggravated robbery and robbery (the offenses in that case) "are not allied offenses because *each* offense requires proof of an element that the other does not." (Emphasis added.) Id. at ¶ 11.

{¶ 39} Nowhere in *State v. Palmer* is it claimed that two offenses must exactly coincide to be allied offenses. The test employed in that case is not whether the two offenses involved are coextensive but the more familiar test, under *Rance*, whether one offense is wholly subsumed within the other.

{¶ 40} In short, I have found no emerging jurisprudence that the test for merger is whether all elements of the compared offenses coincide exactly; therefore, I do not find clarification of *State v. Rance* to be necessary.

{¶ 41} Applying the *Rance* test, I conclude that the court of appeals in the case before it was correct in determining that the elements of trafficking in a

controlled substance align with the elements of possession of a controlled substance to such a degree that commission of trafficking will result in the commission of possession. To be guilty of trafficking under R.C. 2925.03(A)(2) (hereinafter, "trafficking (shipment)"), the offender must knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance knowing, or having reason to know, that the substance is intended for sale. To be guilty of possession under R.C. 2925.11(A), the offender must knowingly obtain, possess, or use a controlled substance. The court of appeals determined, and I agree, that the performance of any of the acts constituting trafficking (shipment) necessarily involves the exercise of sufficient control over the controlled substance to constitute constructive possession of the substance.

{¶ 42} The state contends that one can be guilty, as an aider or abettor, of trafficking (shipment) without exercising control, constructive or otherwise, over the controlled substance. For example, one could finance the shipment, by another, of the controlled substance. But if by doing so, the charged offender has aided and abetted another to ship a controlled substance that is intended for sale, then the charged offender has equally aided and abetted the other to exercise sufficient control over that controlled substance to constitute constructive possession. Therefore, if one is guilty, as an aider or abettor, of trafficking (shipment), then one is necessarily guilty, as an aider or abettor, of possession. So consideration of the possible violation of each statute as an aider or abettor, rather than as a principal, does not change the result.

{¶ 43} I agree with Justice Lundberg Stratton that in this case, Cabrales clearly trafficked in, and possessed, the marijuana with the same animus—to sell it. Therefore, I agree with the conclusion that the trafficking (shipment) and possession offenses are allied offenses of similar import that must be merged.

{¶ 44} As to the merger of each of these offenses with the offense of trafficking under R.C. 2925.03(A)(1) (hereinafter, "trafficking (sale)"), I agree that the elements of the latter offense may be satisfied by a mere offer to sell a controlled substance, which would not require that the controlled substance even exist, much less that the offeror has exercised any control over the controlled substance. Furthermore, although the offense of trafficking (shipment) under R.C. 2925.03(A)(2) requires that the controlled substance involved be intended for sale, either by the offender or by another, it does not require the actual occurrence of a sale or offer to sell. Therefore, the commission of the trafficking (sale) offense does not necessarily result either in the commission of the trafficking (shipment) offense or in the commission of the R.C. 2925.11(A) possession offense. Conversely, commission of either of the latter offenses does not necessarily result in commission of the trafficking (sale) offense, since neither the trafficking (ship-

ment) offense nor the possession offense requires proof of the occurrence of a sale or offer to sell.

{¶ 45} I agree, then, that while the trafficking (shipment) and possession offenses merge in this case, the trafficking (sale) offense does not merge with either of those offenses.

---

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellant and appellee state of Ohio.

Elizabeth E. Agar, for appellee and appellant Fernando Cabrales.