JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Marcus Carter appeals his convictions for felonious assault. He assigns the following two errors for our review:
 "I. Appellant was deprived of liberty without due process of law, where his convictions for felonious assault are against the manifest weight of the evidence."
 "II. The trial court violated Mr. Carter's constitutional right not to be placed in jeopardy more than once for the same offense by convicting him of felonious assault twice."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Carter's convictions. The apposite facts follow.
 {¶ 3} Carter was indicted for two counts of aggravated robbery and two counts of felonious assault. Carter waived his right to a jury trial; the matter proceeded before the bench.
 Bench Trial {¶ 4} On May 2, 2007, at around 8:00 p.m. the victim was standing near a bus stop located at Superior Avenue and Coventry Road. He was talking with a friend when Carter approached and asked him for money. The victim told him he did not have any money. Carter then lunged at him and slapped the victim's pockets. The victim responded by punching Carter in the face.
 {¶ 5} The victim claimed that Carter then rushed at him with a pair of scissors. The two wrestled, and, as a result, the victim sustained a serious cut to his left arm and side, and several minor cuts to his right arm. RTA police brokeup *Page 2 
the fight; East Cleveland officers responded to the scene. A pair of scissors with blood on them was retrieved from a nearby parking lot.
 {¶ 6} The victim was treated by EMS, but refused to be transported to the hospital because he could not afford it. He admitted that after the altercation, he smoked some crack and drank some wine and did not proceed to the hospital until several hours later. The hospital records indicate the victim was hospitalized for a day and a half due to his injuries.
 {¶ 7} Carter testified on his own behalf. He claimed that the victim was the aggressor. According to Carter, he approached the victim with ten dollars and an offer to obtain drugs to get high with him. He claims the victim did not want Carter to accompany him to purchase the drugs, and that the victim punched him for no reason. He also claimed that the victim had the scissors and must have been cut while they struggled.
 {¶ 8} The trial court dismissed the two counts of aggravated burglary, but found Carter guilty of the two counts of felonious assault. The trial court sentenced him to three years on each count to be served concurrently.
 Manifest Weight {¶ 9} In his first assigned error, Carter contends his felonious assault convictions were against the manifest weight of the evidence. We disagree. *Page 3 
 {¶ 10} In State v. Wilson, [1] the Ohio Supreme Court recently addressed the standard of review for a criminal manifest weight challenge, as follows:
 "The criminal manifest-weight-of-the-evidence standard was explained in State v. Thompkins (1997), 78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541. In Thompkins, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. Id. at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. Id. at 386-387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. Id. at 387, 678 N.E.2d 541. `When a court of appeals reverses a judgment of a trial court on the *Page 4 basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.' Id. at 387, 678 N.E.2d 541, citing Tibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652."
 {¶ 11} However, an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[2] Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction."[3]
 {¶ 12} Carter contends that he should have been convicted of aggravated assault because the victim provoked the confrontation. He argues that the victim punched him first for no reason. Carter did testify to this fact at trial. However, the victim testified otherwise. The victim stated that Carter approached him in an aggressive manner asking for money and that when he *Page 5 
said he did not have any, Carter started slapping the victim's pockets. This provoked the victim to punch Carter.
 {¶ 13} The trial court, as the trier of fact, was in a better position than this court to judge the credibility of the witnesses. The trial court found that the fact the victim sustained a wound requiring him to be hospitalized for a day and a half indicated serious harm. Moreover, the trial court found the victim to be more credible than Carter. In so finding, the trial court noted that Carter "claimed the police are lying, all three of them." Therefore, the fact that the police officers' testimony corroborated the victim's version of the story made the victim more credible. Accordingly, Carter's first assigned error is overruled.
 Double Jeopardy {¶ 14} In his second assigned error, Carter contends the trial court erred by convicting him of two counts of felonious assault because they arose out of one act of violence and because the charges are allied offenses. We disagree.
 {¶ 15} Pursuant to R.C. 2941.25:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his *Page 6 conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 {¶ 16} R.C. 2941.25 requires a two-step analysis.[4] The Supreme Court of Ohio in State v. Cabrales held:
 "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses."[5]
 {¶ 17} The Court further explained that the comparison "requires courts to compare the elements of offenses in the abstract, i.e., without considering the evidence in the case, but does not require an exact alignment of elements."[6]
 {¶ 18} In the instant case, Carter was charged under two different felonious assault statutes: R.C. 2903.11(A)(1) and 2903.11(A)(2). A charge of felonious assault under R.C. 2903.11(A)(1) alleges that the defendant knowingly caused serious physical harm to another. A charge of felonious assault under R.C. 2903.11(A)(2) alleges that the defendant knowingly caused or attempted to cause physical harm to another by means of a deadly weapon.
 {¶ 19} Comparing these two crimes in the abstract, it is apparent that the commission of felonious assault under subsection (A)(1) will not result in the *Page 8 
commission of felonious assault under subsection (A)(2). One may cause serious physical harm to another without a weapon, or one may cause or attempt to cause physical harm to another by means of a deadly weapon, but any resulting harm may not rise to the level of serious physical harm. Either way, the elements of these offenses do not correspond so that the commission of one will result in the commission of the other.
 {¶ 20} Even if we did conclude the elements corresponded to the extent they were crimes of similar import, the evidence indicates that the convictions are supported by two different acts. The victim had several knife wounds to his body. The wound to the victim's left arm was severe enough that it required stitches and the wound to his side required a day and a half of hospitalization; therefore, these injuries constitute serious physical harm under R.C. 2903.11(A)(1). The remaining wounds to the right arm were not as severe, but would support a conviction of "attempting" to cause serious physical harm with a weapon pursuant to R.C. 2903.11(A)(2). Therefore the counts are not allied offenses as defined by R.C. 2941.25, because they are supported by two distinct acts. Accordingly, Carter's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed. *Page 9 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure
SEAN C. GALLAGHER, P.J., CONCUR; CHRISTINE T. McMONAGLE, J., DISSENTS. (SEE ATTACHED DISSENTING OPINION.)
[1] 113 Ohio St.3d 382, 2007-Ohio-2202.
[2] State v. Thompkins, supra at 387.
[3] Id.
[4] State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625.
[5] Id. at ¶ 14, quoting State v. Blankenship (1988),38 Ohio St.3d 116, 117.
[6] Id. at ¶ 27.