{¶ 21} Respectfully, I dissent from the holding of the majority that felonious assault under R.C. 2903.11(A)(1) ("knowingly causing serious physical harm to another") and felonious assault under R.C. 2903.11(A)(2) ("knowingly causing physical harm to another by means of a deadly weapon") are not allied offenses of similar import.
 {¶ 22} Despite the fact that the majority cites State v.Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, the most recent Ohio Supreme Court pronouncement on allied offenses, the majority, in fact, engages in Ranee's[7] "abstract elements *Page 10 
comparison test" in its prohibited hyper-technical fashion.Cabrales at 57 addresses this issue: courts are not to engage in a strict elements comparison in determining whether offenses are allied offenses.
 {¶ 23} The Cabrales court cites an example of the absurdity resulting when a strict elements comparison is utilized a case where a defendant was found guilty of both involuntary manslaughter and aggravated vehicular homicide. "Despite the misalignment of offenses in the abstract, only one death occurred under the facts of the present case. Consequently [the defendant] should have been sentenced either for involuntary manslaughter or for aggravated vehicular homicide, notboth." (Emphasis added.) Id., citing State v. Hendrickson, Montgomery App. No. 19045, 2003-Ohio-611. Cabrales likewise cites State v.Waldron (Sept. 1, 2000), Ashtabula App. No. 99-A-0031, where in a separate concurring opinion by Judge Christley, the court pointed out that by holding that involuntary manslaughter and aggravated vehicular homicide are not allied offenses of similar import where there was only one victim, "we have not only said that appellant was guilty of killing two people, we are saying that he was guilty of killing each victim two times." Id. at 14-15. In short, the court held that since there was only death, there should be only one conviction for the killing. *Page 11 
 {¶ 24} Likewise the instant case. There was only one assault; while the defendant may be found guilty of each and every means available of committing that assault (with a weapon, by causing serious physical harm, etc.), he may not be convicted (i.e., found guilty and separately sentenced) on each.
 {¶ 25} As we stated in State v. Sutton, Cuyahoga App. No. 90172,2008-Ohio-3677, the approach recommended by Cabrales should be more holistic than technical. The analysis by the majority here consists of a hyper-technical application of Ranee, and results in a judgment that appears as though either two people were assaulted, or one person was assaulted twice. Neither is the case. *Page 12 
 {¶ 26} The majority also holds that even if the elements of the crime did correspond, as I urge above, there was a separate animus for each offense, in that there were two knife wounds, one serious, the other not serious, and therefore two separate acts.[8] I do not find this analysis compelling either. If we analyzed all cases in this manner, each punch of a fist fight would be a separate assault, each shot from a gun a separate murder.[9] The testimony in this case was that there was simply a "tussle" with scissors, resulting in five separate wounds. There was no testimony as to the infliction of each wound; simply a statement that at the conclusion of the fight there were five separate wounds. This was one assault, felonious in nature, and it should be punished as one assault. Nothing less, but nothing more.
 {¶ 27} I note that the trial court sentenced the two felonious assaults to run concurrently, therefore I believe this matter should be remanded to the trial court simply to make a correction to the sentencing entry, finding that the crimes merge, and vacating the sentence only as to one of the felonious assaults.
[7] State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291.
[8] In fact, there were five knife wounds, not two.
[9] If one gunshot was non-lethal, and the other lethal, under the principle urged by the majority, the result would be one attempted homicide, and one homicide. *Page 1