{¶ 51} Respectfully, I dissent regarding the second assignment of error. I would find Schultz's prior conviction for "physical control" to be a substantially equivalent offense, just as we ruled in his appeal of a 1997 physical control conviction. See Cleveland v. Schultz (Sept. 9, 1999), Cuyahoga App. No. 74839. *Page 18 
 {¶ 52} The plain language of the OVI statute uses the phrase "substantially" equivalent, not terms such as strictly equivalent, a lesser included or inferior offense, nor suggesting an exact alignment of the elements of each offense. As the Ohio Supreme Court recently stated, "Courts must avoid statutory interpretations that create absurd or unreasonable results." State v. Cabrales, 118 Ohio St.3d 54,2008-Ohio-1625, ¶ 20. To hold that a physical control conviction is not "substantially" equivalent to an OVI conviction would be an unreasonable result, especially in the instant case where Schultz has already lost this argument in this court nine years ago.
 {¶ 53} I concur, however, in the majority's treatment of the remaining assignments of error. *Page 1