JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Frederick Hawkins, appeals his convictions for breaking and entering and vandalism. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On September 27, 2006, a grand jury indicted appellant on six counts in Case No. CR-486341. Counts One and Two charged breaking and entering under R.C. 2911.13; Counts Three and Four charged theft under R.C. 2913.02; and Counts Five and Six charged vandalism under R.C. 2909.05.
 {¶ 3} On January 5, 2007, a grand jury indicted appellant on four counts in Case No. CR-490681. Count One charged breaking and entering under R.C. 2911.13; Count Two charged vandalism under R.C. 2909.05; Count Three charged theft under R.C. 2913.02; and Count Four charged possession of criminal tools under R.C. 2923.24.
 {¶ 4} On May 15, 2007, a grand jury indicted appellant on three counts in Case No. CR-496095. Count One charged breaking and entering under R.C. 2911.13; Count Two charged possession of criminal tools under R.C. 2923.24; and Count Three charged theft under R.C. 2913.02.
 {¶ 5} On May 23, 2007, appellant pleaded guilty to each count of the indictments in Case Nos. CR-486341, CR-490681, and CR-496095. On that same date, the court referred appellant to the court psychiatric clinic for evaluation and to the probation department for a presentence report. *Page 4 
 {¶ 6} On September 27, 2007, a grand jury indicted appellant on two counts in Case No. CR-501408. Count One charged breaking and entering under R.C. 2911.13; and Count Two charged theft under R.C. 2913.02
 {¶ 7} On October 15, 2007, appellant entered guilty pleas in Case No. CR-501408, and the trial court sentenced appellant in all four cases.
 {¶ 8} In Case No. CR-486341, appellant was sentenced to twelve months on Counts One and Two to run consecutively; to six months on Count Three to run concurrently to the other counts; and to six months on Counts Four, Five, and Six, to run concurrent to each other, but consecutive to Counts One and Two. In Case No. CR-486341, appellant received a total of 30 months. In Case No. CR-490681, the trial court imposed six months on each count to run concurrently to each other, but consecutive to the sentence in Case No. CR-486341. In Case No. CR-496095, the trial court imposed a twelve-month sentence on each count to run concurrent to each other, but consecutive to the terms in Case Nos. CR-486341 and CR-490681. Finally, in Case No. CR-501408, the court imposed a six-month term on Counts One and Two to run concurrently to each other, but consecutive to the terms in Case Nos. CR-486341, CR-490681, and CR-496095. Appellant's total prison term equaled 54 months, together with restitution and postrelease control.
 {¶ 9} On November 26, 2007, appellant filed a delayed appeal, which this court accepted. Although the trial court sentenced appellant on all four cases on *Page 5 
the same day, appellant's appeal only challenges his sentence in Case No. CR-486341.
 {¶ 10} The four cases stemmed from a series of break-ins that had taken place at businesses located in Cleveland. The facts that specifically gave rise to Case No. CR-486341, occurred on February 10, 2005 and April 14, 2005, when appellant trespassed in and stole money from a Detroit Auto Parts store and Suleymans Market in Cleveland.
 {¶ 11} Appellant brings this appeal, asserting one assignment of error for our review.
 Allied Offenses {¶ 12} "I. The trial court erred and denied Frederick Hawkins his constitutional right to due process of law by returning convictions and imposing consecutive sentences for allied offenses of similar import."
 {¶ 13} Appellant argues that the trial court erred when it convicted him of breaking and entering and vandalism. More specifically, he alleges that these offenses are allied offenses. This argument is without merit.
 {¶ 14} The Ohio Supreme Court recently clarified its position on allied offenses in State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625,886 N.E.2d 181, and stated: "This court has recognized that [R.C.] 2941.25 requires a two-step analysis." (Internal citations omitted.)Cabrales, supra at ¶ 14.
 {¶ 15} The Court went on to say: "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree *Page 6 
that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Id., citing State v.Blankenship, 38 Ohio St.3d 116, 117, 526 N.E.2d 816.
 {¶ 16} Finally, the Court stated that, "in determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), [courts must] compare the elements of offenses in the abstract, i.e.,without considering the evidence in the case, but does not require an exact alignment of elements." (Emphasis added.) Cabrales, supra, at ¶ 27.
 {¶ 17} Here, appellant was convicted of breaking and entering under R.C. 2911.13(A), which reads: "no person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."
 {¶ 18} Appellant was also convicted of vandalism under R.C. 2909.05(B)(1)(b), which reads: "no person shall knowingly cause physical harm to property that is owned or possessed by another, when *** regardless of the value of the property or the amount of damage done, the property or its equivalent is *Page 7 
necessary in order for its owner or possessor to engage in the owner's or possessor's profession, business, trade, or occupation."
 {¶ 19} In State v. Payton (Dec. 14, 2000), Cuyahoga App. No. 76967, this court held that breaking and entering under R.C. 2911.13(A) and vandalism under R.C. 2909.05(B)(1)(b) are not allied offenses of similar import. In Payton, the court stated that "[l]ooking at the elements of [breaking and entering and vandalism] in the abstract, each contains at least one element that the other does not. Breaking and entering requires a purpose to commit some further offense, an element unnecessary to a vandalism claim. Vandalism requires the knowing causation of physical harm to the property, an element unnecessary to the force, stealth, or deception element of breaking and entering." Id.
 {¶ 20} Applying Payton and Cabrales to this case, we find that when analyzing the elements of breaking and entering and vandalism in the abstract, the offenses are not allied. Breaking and entering requires an element that vandalism does not, and vandalism requires an element that breaking and entering does not. Breaking and entering requires a purpose to commit a further offense, while vandalism does not. Vandalism requires causation of physical harm, but breaking and entering does not. Therefore, we find that the offenses are not allied. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, P.J., and MARY JANE BOYLE, J., CONCUR *Page 1