JOURNAL ENTRY AND OPINION
{¶ 1} This cause is before us on remand from the Ohio Supreme Court for further review of our decision released April 10, 2008, [1] in regard only to appellant's Assignment of Error No. IV, which deals with allied offenses, in view of the Court's recent decision in State v.Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625.
 {¶ 2} On October 14, 2005, a grand jury indicted appellant, Daniel Seljan, on seven counts. Count One charged him with illegal manufacture of drugs under R.C. 2925.04; Count Two charged him with the knowing assembly or possession of chemicals used to manufacture drugs under R.C. 2925.041; Count Three charged drug possession under R.C. 2925.11(A); Count Four charged drug trafficking under R.C. 2925.03(A)(2); Count Five charged possession of criminal tools under R.C. 2923.24; Count Six charged drug possession under R.C. 2925.11; and Count Seven charged having weapons while under disability under R.C. 2923.13.
 {¶ 3} On September 20, 2006, a jury trial began on Counts One through Six; Count Seven was tried to the bench. The crux of the state's case against appellant was that he had aided and abetted in manufacturing methamphetamine ("meth"). The police found evidence of a meth lab in appellant's basement. *Page 4 
 {¶ 4} The trial court found appellant guilty of Count Seven, and the jury found appellant guilty of all of the remaining counts. On March 26, 2007, the trial court sentenced appellant to eight years on Count One, to be served concurrently to five-year terms on Counts Two, Three, and Seven. All counts were to be served concurrently to eight years on Count Four and one year on Counts Five and Six. The court merged any firearm specifications and imposed a one-year consecutive term. Overall, appellant received a total of nine years in prison.
 {¶ 5} On May 9, 2007, appellant filed a notice of appeal with this court, asserting among other claims, that several of his convictions should have been merged as allied offenses. On April 10, 2008, inSeljan I, this court upheld the trial court's decision that the offenses were not allied. Seljan I was decided, in part, pursuant to this court's decision in State v. Fleming, Cuyahoga App. No. 88442, 2007-Ohio-3645.
 {¶ 6} In Fleming, we held that "possession of and trafficking in the same type and quantity of a controlled substance are not allied offenses because when the statutory offenses are compared *** each requires proof of an additional fact that the other does not." Possession requires that appellant obtained, possessed, or used a controlled substance. Trafficking requires that appellant transported a controlled substance knowing that it was intended for sale. Id. "Thus, it is *Page 5 
possible to possess cocaine without offering it for sale, and it is possible to sell or offer cocaine without having it in one's possession or control." Id.
 {¶ 7} On April 9, 2008, the Ohio Supreme Court issued its decision inState v. Cabrales, supra, which clarified that its holding inRance (1999), 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, does not require a "strict textual comparison under R.C. 2941.25(A)," and held that drug possession under R.C. 2925.11(A) and drug trafficking under R.C. 2925.03(A)(2) were allied offenses.
 {¶ 8} On June 4, 2008, appellant appealed Seljan I to the Ohio Supreme Court, asserting among other claims that several of his convictions were allied offenses. Also on that date, the Ohio Supreme Court reversed our holding in Fleming, supra. Finally, on October 9, 2008, the Ohio Supreme Court remanded Seljan I to this court "on Proposition of Law No. IV *** for consideration of whether the court of appeals' judgment should be modified in view of our opinion in [Cabrales]."
 Review and Analysis — Allied Offenses {¶ 9} Following review, we find that this court's judgment, as it relates to appellant's Assignment of Error IV, must be modified in light of Cabrales.
 {¶ 10} "IV. The manufacturing charge in count one should have been merged with the assembly charge in count two and the possession charge in count three should have merged with the trafficking charge in count four because they were allied offenses of similar import." *Page 6 
 {¶ 11} Appellant argues that the trial court erred when it failed to merge counts as allied offenses. More specifically, he alleges that Counts One (drug manufacturing) and Two (drug assembly) should have merged, and Counts Three (drug possession) and Four (drug trafficking) should have merged.
 {¶ 12} In Cabrales, supra at ¶ 27, the Ohio Supreme Court clarified that "in determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), Ranee requires courts to compare the elements of offenses in the abstract, i.e., without considering the evidence in the case, but does not require an exact alignment of elements." The Court also stated that "if in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import."Cabrales, supra at ¶ 26.
 {¶ 13} Appellant first argues that drug manufacturing and drug assembly should merge. Under R.C. 2925.04(A), which prohibits illegal manufacture of drugs, "no person shall knowingly cultivate marijuana or knowingly manufacture or otherwise engage in any part of the production of a controlled substance." In the case at bar, the controlled substance is methamphetamine. Under R.C. 2925.041(A), which prohibits drug assembly, "no person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to *Page 7 
manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code."
 {¶ 14} It is clear that these offenses are not allied offenses because the commission of one crime will not result in the commission of the other. A violation of R.C. 2925.04 (illegal manufacture) does not necessarily result in the violation of R.C. 2925.041 (drug assembly). Appellant assembled or possessed a chemical used to manufacture meth when he obtained Sudafed for the manufacture of meth and was found guilty of R.C. 2925.041. However, R.C. 2925.04 prohibits many activities that could constitute otherwise engaging in any part of the production of a controlled substance. Here, appellant engaged in a part of the production of a controlled substance when he provided his house to manufacture the meth. Therefore, Counts One and Two are not allied offenses of similar import.
 {¶ 15} Finally, appellant argues that drug possession and drug trafficking should merge. Appellant was convicted of drug possession under R.C. 2925.11(A) and drug trafficking under R.C. 2925.03(A)(2). Clearly, under Cabrales, Seljan /was decided incorrectly. In order to be convicted of possession under R.C. 2925.11(A), a defendant must "knowingly obtain, possess, or use a controlled substance." "Possession" is defined as "having control over a thing or substance." R.C. 2925.01(K). *Page 8 
 {¶ 16} To be found guilty of trafficking under R.C. 2925.03(A)(2), a defendant must knowingly "prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance." In order to violate R.C. 2925.03(A)(2), a defendant must "have control over" the controlled substance. Cabrales, supra at ¶ 30, citing R.C. 2925.01(K). "Thus, trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import because commission of the first offense necessarily results in the commission of the second." Id.
 {¶ 17} Accordingly, we find that appellant's convictions for possession and trafficking are allied offenses, and the trial court erred when it failed to merge those counts. We also find that appellant's convictions for drug manufacturing and drug assembly are not allied offenses and affirm the trial court's judgment in regard to those counts. Accordingly, appellant's fourth assignment of error is affirmed in part and reversed in part.
 {¶ 18} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and JAMES J. SWEENEY, J., CONCUR.
[1] State v. Seljan, Cuyahoga App. No. 89845, 2008-Ohio-1707
("Seljan I").
 *Page 1