OPINION
{¶ 1} Defendant-appellant, Fidel A. Vasquez ("appellant"), appeals the decision and entry of the Franklin County Court of Common Pleas, which denied his motions for resentencing and modification of his sentence. Because appellant's motions were untimely, we affirm the trial court's decision.
 {¶ 2} On March 7, 2003, a Franklin County jury found appellant guilty of one count of reckless homicide with a gun specification and one count of tampering with *Page 2 
evidence. The trial court sentenced appellant on April 24, 2003, and he received consecutive sentences of five years for reckless homicide, three years for the gun specification, and three years for tampering with evidence. Appellant appealed, and this court affirmed. State v.Vasquez, 10th Dist. No. 03AP-460, 2004-Ohio-3880.
 {¶ 3} On June 23, 2008, appellant moved for resentencing based onState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. He also moved to modify his sentence based on State v. Cabrales, 118 Ohio St.3d 54,2008-Ohio-1625, because the crimes for which he was convicted were allied offenses of similar import and should have merged for purposes of sentencing. The trial court denied his motions, finding that (1) his motion for resentencing was untimely under R.C. 2953.21(A)(2), and (2) his motion to modify was unwarranted because the crimes of reckless homicide and tampering with evidence are dissimilar.
 {¶ 4} Appellant appeals, and he raises the following assignments of error:
 [I.] The Trial Court Erred in denying [appellant's] Motion for Resentencing and Modification without an evidentiary hearing in violation of [appellant's] right to Due Process under the Ohio and United States Constitutions.
 [II.] The Trial Court Erred by not granting [appellant's] Motion for Sentencing Modification.
 {¶ 5} We will address appellant's assignments together. Appellant's right to post-conviction relief arises from R.C. 2953.21(A)(1)(a), which provides:
 Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant *Page 3 
other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 6} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen, 70 Ohio St.3d 399, 410, 1994-Ohio-111. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v. Murphy (Dec. 26, 2000), 10th Dist. No. 00AP-233. Appellant does not have a constitutional right of post-conviction review. Rather, post-conviction relief is a narrow remedy that affords appellant no rights beyond those granted by statute. State v.Calhoun, 86 Ohio St.3d 279, 281, 1999-Ohio-102. A post-conviction petition does not provide appellant a second opportunity to litigate his conviction. State v. Hessler, 10th Dist. No. 01AP-1011, 2002-Ohio-3321.
 {¶ 7} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. Calhoun, at 282. The trial court "shall determine whether there are substantive grounds for relief" before granting a hearing on a post-conviction petition. R.C. 2953.21(C). Pursuant to R.C. 2953.21(C), a trial court properly denies a post-conviction petition without an evidentiary hearing if the petition, supporting documents, and court record "do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, at 291.
 {¶ 8} A post-conviction petition also must be timely. R.C. 2953.21(A)(2) requires a petition to be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Here, appellant filed his petition years beyond that deadline. *Page 4 
 {¶ 9} R.C. 2953.23 provides exceptions to the 180-day deadline, but appellant's case does not fit within them. Appellant has not argued that the United States Supreme Court has recognized a new federal or state right that applies retroactively. See R.C. 2953.23(A)(1). Nor has appellant presented DNA evidence of his innocence. See R.C. 2953.23(A)(2).
 {¶ 10} Because appellant's motions were untimely post-conviction petitions, the trial court properly denied them. Accordingly, we overrule appellant's assignments of error. We affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER and KLATT, JJ., concur. *Page 1