NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0581n.06

No. 17-3230

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 17, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| EULIS ELLSWORTH ALLEN, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; ROGERS and GRIFFIN, Circuit Judges.

PER CURIAM. Eulis Ellsworth Allen appeals his enhanced sentence as a career offender under the sentencing guidelines. As set forth below, we affirm Allen's sentence.

Allen pleaded guilty to conspiracy to possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) and 846. The presentence report classified Allen as a career offender based on his prior felony convictions for controlled substance offenses: (1) his 1996 Ohio convictions for aggravated trafficking and (2) his 2006 federal conviction for distributing five grams or more of cocaine base. Application of the career-offender enhancement increased Allen's adjusted offense level from 26 to 37 and his criminal history category from III to VI. After a three-level reduction for acceptance of responsibility, the resulting guidelines range was 262 to 327 months of imprisonment. Allen objected to the career-offender enhancement, arguing that his Ohio convictions for aggravated trafficking do not qualify as controlled substance offenses. The district court overruled Allen's objection and

applied the career-offender enhancement. The district court granted the government's motion for a four-level downward departure, resulting in a guidelines range of 168 to 210 months. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Allen to 168 months of imprisonment followed by five years of supervised release.

In this timely appeal, Allen contends that the district court erred in finding that his 1996 Ohio convictions for aggravated trafficking constitute controlled substance offenses and that the district court's erroneous application of the career-offender enhancement resulted in a procedurally unreasonable sentence. We review de novo the district court's legal determination that Allen's prior convictions qualify as controlled substance offenses for career-offender purposes. *United States v. Evans*, 699 F.3d 858, 862 (6th Cir. 2012). "When conducting this *de novo* review, this court applies a 'categorical' approach, 'looking to the statutory definition of the offense and not the particular facts underlying the conviction.'" *Id.* (quoting *United States v. McMurray*, 653 F.3d 367, 372 (6th Cir. 2011)).

A defendant qualifies as a career offender if, among other requirements, the defendant has at least two prior felony convictions for a controlled substance offense. USSG § 4B1.1(a). The sentencing guidelines define "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b). A controlled substance offense includes attempting to commit such an offense. USSG § 4B1.2, comment. (n.1).

Pursuant to Ohio Revised Code § 2925.03(A)(1), the statute under which Allen was convicted, "[n]o person shall knowingly . . . [s]ell or offer to sell a controlled substance." Allen

contends that, at the time of his convictions, Ohio appellate courts had upheld trafficking convictions based on factual scenarios involving a fraudulent "offer to sell" drugs—an offer made for the purpose of taking the buyer's money and not providing drugs in return—thereby "criminaliz[ing] a broader swath of conduct" than the definition of controlled substance offense under the sentencing guidelines. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). This court rejected Allen's argument in *United States v. Evans*, 699 F.3d 858, 867 (6th Cir. 2012), relying on the Supreme Court of Ohio's decision in *State v. Cabrales*, 886 N.E.2d 181 (2008). In *Cabrales*, the Supreme Court of Ohio clarified that Ohio Revised Code § 2925.03(A)(1) requires an intent to sell a controlled substance. *Cabrales*, 886 N.E.2d at 188. Because Ohio Revised Code § 2925.03(A)(1), "as interpreted by the Supreme Court of Ohio, does not encompass fraudulent offers to sell," this court held that a conviction "for an offer to sell is properly considered an attempt to transfer a controlled substance, which is a 'controlled substance offense' under the Guidelines." *Evans*, 699 F.3d at 867. Accordingly, this court concluded that a conviction under Ohio Revised Code § 2925.03(A)(1) categorically qualifies as a controlled substance offense under USSG § 4B1.2(b). *Id.* at 868. We are bound by that holding. *See United States v. Lee*, 793 F.3d 680, 684 (6th Cir. 2015) ("[A] later panel of the court cannot overrule the published decision of a prior panel . . . in the absence of en banc review or an intervening opinion on point by the Supreme Court.").

Allen's arguments that *Evans* is not binding are unavailing. Allen argues that his aggravated trafficking convictions predated the *Cabrales* decision. The trafficking conviction at issue in *Evans* also predated the *Cabrales* decision. *Evans*, 699 F.3d at 861. Allen asserts that the defendant in *Evans* apparently did not raise this temporal argument; regardless, the issue was "a necessary precursor to the panel's decision" that the defendant's 2004 trafficking conviction

categorically qualified as a controlled substance offense. *United States v. Wynn*, 579 F.3d 567, 577 (6th Cir. 2009). Allen further contends that the Ohio appellate courts had consistently upheld trafficking convictions for fraudulent "offers to sell" up until the *Cabrales* decision and that courts assessing a prior state conviction must "consult the law that applied at the time of that conviction." *McNeill v. United States*, 563 U.S. 816, 820 (2011). Where, as here, the statutory language did not change, the Supreme Court of Ohio's interpretation of Ohio Revised Code § 2925.03(A)(1) "is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-13 (1994). Although "federal courts should look to intermediate state appellate court decisions in determining what is the least conduct criminalized under a state's statute . . . , when the state supreme court has defined what this conduct is, the buck stops there." *United States v. Southers*, 866 F.3d 364, 369 (6th Cir. 2017).

Because Allen's aggravated trafficking convictions under Ohio Revised Code § 2925.03(A)(1) categorically qualify as controlled substance offenses, the district court properly applied the career-offender enhancement. Accordingly, we **AFFIRM** Allen's sentence.