[Cite as *Croft v. Lindgren*, 2013-Ohio-3161.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DAMON CROFT, | : | APPEAL NO. C-120867 |
| | | TRIAL NO. A-1102353 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| LAWRENCE F. LINDGREN, | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 19, 2013

*Stephen R. Felson* and *Robert B. Newman*, for Plaintiff-Appellant,

*Reminger Co., L.P.A., Robert W. Hojnoski* and *Carrie M. Starts*, for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}   Plaintiff-appellant Damon Croft appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee Lawrence F. Lindgren in a legal-malpractice action.

## Croft's Guilty Pleas and Sentencing

{¶2}   In 2009, Croft was indicted for two counts of violating a protection order.   Although charged in the same indictment, the alleged offenses arose from separate protection orders.   Both counts were charged as felonies of the third degree rather than felonies of the fifth degree because Croft was alleged to have violated the orders while committing a felony, specifically menacing by stalking.   Nonetheless, he was not separately charged with menacing by stalking.

{¶3}   Croft retained Lindgren to represent him in the matter.   In April 2009, Croft entered guilty pleas to the charges and was sentenced to two concurrent three-year terms of imprisonment.

{¶4}   On August 13, 2010, Croft, through a different attorney, filed a motion to withdraw his guilty pleas.   The basis for the motion was that Lindgren had improperly advised him to enter the pleas because the enhancement of the offenses had "violated Croft's federal and state constitutional rights to Due Process and to be free from Double Jeopardy."

{¶5}   On October 13, 2010, the court journalized an entry stating, "By agreement of the parties, the defendant is permitted to withdraw his guilty plea." Croft then entered guilty pleas under the same indictment, but the offenses were amended to felonies of the fifth degree.   He was sentenced to 180 days' confinement

on count one and a concurrent term of 12 months' imprisonment on count two. Croft was given credit for time already served, and he was released.

{¶6} On March 21, 2011, Croft filed a complaint against Lindgren. He contended that Lindgren had committed malpractice by failing to assert the argument advanced in the motion to withdraw the guilty plea, namely that violating a protection order and menacing by stalking were allied offenses of similar import, rendering the enhancement of the offenses improper. Lindgren filed a counterclaim for breach of contract, asserting that Croft owed unpaid attorney fees.

{¶7} Lindgren filed a motion for summary judgment with respect to Croft's claim and his own counterclaim. The trial court granted the motion with respect to both, ordering that Croft pay Lindgren $1732 in damages.

### Malpractice and Summary Judgment

{¶8} In his first assignment of error, Croft argues that the trial court erred in entering summary judgment in favor of Lindgren on the malpractice claim. Croft argues that he had met his burden of demonstrating that Lindgren was deficient in his representation for failing to raise the allied-offenses issue under R.C. 2941.25.

{¶9} Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *See State ex rel. Howard v. Ferreri,* 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994). This court reviews a ruling on summary judgment de novo. *Jorg v.*

*Cincinnati Black United Front,* 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781 (1st Dist.).

{¶10}   In the case at bar, we find no error in the trial court's decision to grant summary judgment in favor of Lindgren on the legal-malpractice claim.  To establish legal malpractice based on negligent representation, the plaintiff must show (1) that the attorney owed a duty to the plaintiff, (2) that there was a breach of that duty and that the attorney failed to conform to the standard required by law, and (3) that there was a causal connection between the deficient conduct and the resulting damage. *Vahila v. Hall,* 77 Ohio St.3d 421, 427, 674 N.E.2d 1164 (1997).  Thus we must determine if, under the state of the law as it existed at the time of the pleas and sentencing, Lindgren had a duty to raise the issue of allied offenses.

{¶11}   We find no error in the trial court's conclusion that Lindgren did not breach a duty to Croft in failing to raise the issue.  As we have already observed, Croft was not separately charged with menacing by stalking; the menacing charge was merely alleged as an enhancement with respect to the counts for violating a protective order.  Thus, there was no issue of multiple punishments within the meaning of R.C. 2941.25 or the Double Jeopardy Clause.

### *Rance* and *Cabrales*

{¶12}   Moreover, even if the enhancement of the offenses had implicated R.C. 2941.25, there would have been no duty on the part of Lindgren to raise the issue under the facts of this case.  The pleas and sentencing here occurred before the Supreme Court of Ohio had overruled *State v. Rance,* 85 Ohio St.3d 632, 710 N.E.2d 699 (1999).  In *Rance,* the court held that, when determining if two offenses are allied offenses of similar import under R.C. 2941.25, the sentencing court must

compare their elements in the abstract. *Id.* at 638. A court applying the *Rance* test was thus required to align the elements in the abstract and to determine whether the elements would correspond to such an extent that the commission of one offense would necessarily result in the commission of the other. *Id.*

{¶13} The court subsequently clarified the *Rance* holding in *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181. In *Cabrales*, the court stated that for offenses to be allied, a court is not required "to find an exact alignment of the elements." *Id.* at paragraph one of the syllabus. Rather, "[i]n comparing the elements of the offenses in the abstract, [if] the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import." *Id.*

{¶14} Comparing the elements of violating a protection order to the elements of menacing by stalking, the commission of one offense does not necessarily result in the commission of the other. The statute governing violation of a protection order, R.C. 2919.27(A), provides, "[n]o person shall recklessly violate the terms of * * *[a] protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code [or] [a] protection order issued pursuant to section 2151.34, 2903.213 or 2903.214 of the Revised Code * * * ." By contrast, the menacing-by-stalking statute, R.C. 2903.211(A)(1), provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." Under the test formulated in *Cabrales*, the offenses were simply not allied.

{¶15}   We cannot discern why the trial court that presided over the criminal matter permitted Croft to withdraw the pleas or why the court resentenced Croft as it did.  The court merely indicated in its entry that the vacation of the pleas was by agreement of the parties.  In any event, Croft's ultimate success in obtaining a reduction of the charges and sentences did not warrant a finding that Lindgren had been deficient in his representation, and we overrule the first assignment of error.

### Lindgren's Counterclaim

{¶16}   In Croft's second and final assignment of error, he argues that the trial court erred in granting summary judgment in favor of Lindgren on the counterclaim for unpaid fees.  Croft maintains that he was relieved of any obligation to pay because Lindgren had not provided competent representation.  Having held that Lindgren did not breach any duty to Croft, we also hold that Lindgren was entitled to the claimed fees.  We overrule the second assignment of error.

### Conclusion

{¶17}   We affirm the judgment of the trial court.

Judgment affirmed.


**CUNNINGHAM** and **FISCHER, JJ.,** concur.




Please note:

The court has recorded its own entry on the date of the release of this opinion.